FILED
CLERK, U.S. DISTRICT COURT
10/18/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:22-cr-00482-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1115: Misconduct or Neglect of Ship Officer] |
| JERRY NEHL BOYLAN, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 1115]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  The passenger vessel ("P/V") *Conception* was a 75-foot, wood and fiberglass passenger vessel based out of Santa Barbara, California.

2.  Defendant JERRY NEHL BOYLAN was the Captain and Master of the *P/V Conception* and, as such, was responsible for the safety and security of the vessel, its crew, and its passengers.

3.  In the early morning hours of September 2, 2019, in navigable waters near Santa Cruz Island in the Pacific Ocean, a fire started aboard the *P/V Conception*, eventually claiming the lives of one crewmember and all 33 passengers onboard.

B.  <u>MISCONDUCT OR NEGLECT OF SHIP OFFICER</u>

Beginning on an unknown date, and continuing until on or about September 2, 2019, in navigable waters near Santa Cruz Island in the Pacific Ocean, in Santa Barbara County, and elsewhere, within the Central District of California and the admiralty jurisdiction of the United States, defendant JERRY NEHL BOYLAN, the Captain and Master employed on the *P/V Conception*, acted with a wanton or reckless disregard for human life by engaging in misconduct, gross negligence, and inattention to his duties on such vessel, through, among other things:

1) his failure to maintain a night watch or roving patrol, despite his duty to do so set forth in the Certificate of Inspection posted onboard the *P/V Conception* and 46 C.F.R. § 185.410;

2) his failure to conduct sufficient fire drills, despite his duty to do so set forth in 46 C.F.R. § 185.524;

3) his failure to conduct sufficient crew training regarding emergencies, fires, and firefighting, despite his duty to do so set forth in 46 C.F.R. §§ 185.420 and 185.510;

4) his failure to instruct or provide directions to crewmembers regarding firefighting at the time of the fire;

5) his failure to use the fire axe and fire extinguisher next to him in the wheelhouse to fight the fire or attempt to

                rescue the 33 passengers and one crewmember who were alive but trapped onboard the vessel;

6) his failure to go to the main deck to fight the fire or attempt to rescue the passengers and crewmember;

7) his failure to perform any lifesaving or firefighting activities whatsoever at the time of the fire, even though he was uninjured;

8) his failure to use the vessel's public address ("PA") system to alert passengers or crewmembers about the fire;

9) his abandonment of ship during the fire even though 33 passengers and one crewmember were still alive and trapped below deck in the vessel's bunkroom and in need of assistance to escape; and

10) after he was the first crewmember to abandon ship, his order to the other crewmembers to abandon ship during the fire instead of instructing them to fight the fire or engage in other lifesaving activities to rescue the 33 passengers and one crewmember who were trapped below deck,

and thereby caused the deaths of the following individuals:

1) Carol Diana Adamic
2) Juha-Pekka Ahopelto
3) Neal Gustav Baltz
4) Patricia Ann Beitzinger
5) Vaidehi Devi Campbell, also known as Vaidehi Devi Williams
6) Kendra Moore Chan
7) Raymond Scott Chan
8) Adrian Danielle Dahood-Fritz
9) Sanjeeri Satish Deopujari

| | | |
|---|---|---|
| 10) | Justin Carroll Dignam | |
| 11) | Berenice Felipe | |
| 12) | Lisa Fiedler | |
| 13) | Kristina Oline Finstad | |
| 14) | Andrew Aaron Fritz | |
| 15) | Daniel Garcia | |
| 16) | Marybeth Guiney | |
| 17) | Yuko Hatano | |
| 18) | Yulia Krashennaya | |
| 19) | Alexandra Haley Kurtz | |
| 20) | Xiang Lin | |
| 21) | Charles Spencer McIlvain | |
| 22) | Caroline Annette McLaughlin | |
| 23) | Kaustubh Nirmal | |
| 24) | Angela Rose Solano Quitasol | |
| 25) | EvanMichel Solano Quitasol | |
| 26) | Michael Storm Quitasol | |
| 27) | Nicole Storm Solano Quitasol | |
| 28) | Steven John Salika | |
| 29) | Tia Nicole Adamic Salika | |
| 30) | Sunil Singh Sandhu | |
| 31) | Fernisa June Sison | |
| 32) | Ted Stephen Strom | |
| 33) | Kristian Marc Takvam | |
| 34) | Wei Tan, | |

///

///

///

knowing that his conduct was a threat to the lives of others, and knowing of circumstances that would reasonably cause him to foresee that his conduct might be a threat to the lives of others.

A TRUE BILL

　　/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

MATTHEW W. O'BRIEN
Assistant United States Attorney
Environmental and Community
Safety Crimes Section

BRIAN R. FAERSTEIN
Assistant United States Attorney
Public Corruption and Civil
Rights Section