E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental and Community Safety Crimes Section
Assistant United States Attorney
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:    Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | **CURRENT TRIAL DATE: 12-20-2022** <br> **PROPOSED TRIAL DATE: 7-5-2023** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Brian Faerstein, and defendant Jerry Nehl Boylan ("defendant"), both individually and by and through his counsel of record, Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby stipulate as follows:

1. The Indictment in this case was filed on October 18, 2022. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 10, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 19, 2023.

2. On November 10, 2022, the Court set a trial date of December 20, 2022.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three weeks.

4. By this stipulation, defendant moves to continue the trial date to July 5, 2023, and to continue the pretrial status conference to June 22, 2023. This is the first request for a continuance.

5. The parties also request the following briefing schedule for all motions other than motions in limine:

    a. Motions: May 4, 2023.
    b. Oppositions: May 18, 2023.
    c. Replies: May 25, 2023.
    d. Motions hearing: June 1, 2023.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1115, Misconduct or Neglect of Ship Officer. The government has produced discovery to the defense, including over 320,000 pages of documents, photos, and videos.

      b.    Defense counsel are scheduled to be in a number of upcoming trials. Specifically, Ms. Wakefield is scheduled to be in the following trials:

          i.    United States v. Sadigh, 2:15-CR-465-TJH, a two-defendant securities fraud trial scheduled for February 28, 2022 (stipulation to continue forthcoming); and

          ii.    United States v. Wolfe, 22-CR-00322-JFW, a single-defendant distribution of a controlled substance resulting in death and possession of a controlled substance trial scheduled for March 22, 2023 (stipulation to continue forthcoming).

      c.    Ms. Rivera is scheduled to be in the following trials:

          i.    United States v. Wilson, 20-CR-516-FMO, an attempted arson case set for trial on January 24, 2023;

          ii.    United States v. Rosales-Soto, 20-CR-00024-TJH, a two-defendant possession of methamphetamine with intent to distribute case set for trial on February 14, 2023;

          iii.    United States v. Barnhart, 22-CR-00207-MCS, a trial scheduled for February 21, 2023; and

          iv.    United States v. Stella, 21-cr-00338-GW, a trial scheduled for March 7, 2023.

      d.    Ms. Deixler is scheduled to be in the following trials:

          i.    United States v. Mneimne, 22-CR-00364-DSF, an arms exportation trial scheduled for February 6, 2023 (stipulation to continue forthcoming);

          ii.    United States v. Rosales Soto, 20-CR-24-TJH, a two-defendant possession of methamphetamine with intent to distribute trial scheduled for February 14, 2023;

    iii. <u>United States v. Scovotto</u>, 22-CR-306-DSF, a trial scheduled for February 28, 2023;

    iv. <u>United States v. Flores Jr.</u>, 22-CR-451-MEMF, a firearm and possession of methamphetamine with intent to distribute trial scheduled for March 6, 2023; and

    v. <u>United States v. Rundo</u>, 18-CR-00759-CJC, a four-defendant Anti-Riot Act trial scheduled for April 11, 2023.

  e. Accordingly, all three defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

  f. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  g. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  h. The government does not object to the continuance.

  i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the

part of the attorneys for the Government to obtain available witnesses.

7.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 20, 2022, to July 5, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 12, 2022                Respectfully submitted,

                                         E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

  /s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
BRIAN FAERSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

1   I am Jerry Nehl Boylan's attorney.  I have carefully discussed
2   every part of this stipulation and the continuance of the trial date
3   with my client.  I have fully informed my client of his Speedy Trial
4   rights.  To my knowledge, my client understands those rights and
5   agrees to waive them.  I believe that my client's decision to give up
6   the right to be brought to trial earlier than July 5, 2023, is an
7   informed and voluntary one.

           /s/                                          12/12/2022

9   GEORGINA WAKEFIELD                       Date
    GABRIELA RIVERA
10  JULIA DEIXLER
    Attorneys for Defendant
11  JERRY NEHL BOYLAN

13  I have read this stipulation and have carefully discussed it
14  with my attorneys.  I understand my Speedy Trial rights.  I
15  voluntarily agree to the continuance of the trial date, and give up
16  my right to be brought to trial earlier than July 5, 2023.  I
17  understand that I will be ordered to appear in Courtroom 9D of the
18  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
19  July 5, 2023, at 9:00 a.m.

   /s/ Georgina Wakefield                12/12/2022

21  JERRY NEHL BOYLAN  on behalf of Mr. Boylan   Date
    Defendant

7