# **EXHIBIT 2**



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Mark A. Williams*  
*Phone: (213) 894-3359*  
*E-mail: mark.a.williams@usdoj.gov*

*1300 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California 90012*

August 31, 2022

**VIA EMAIL AND HAND DELIVERY**

Georgina Wakefield  
Gabriela Rivera  
Julia Deixler  
Deputy Federal Public Defenders  
321 East 2nd Street  
Los Angeles, California 90012

  Re: <u>United States v. Jerry Nehl Boylan</u>,  
     CR No. 20-00600-GW

Dear Ms. Wakefield:

  We are writing to respond to your second supplemental discovery request in the above-referenced case. We are enclosing with this letter a thumb drive containing additional discovery in response to your requests, along with an index describing the contents of that discovery. We will email you separately the password to access the thumb drive, which is encrypted.

  Regarding your first request concerning Cellebrite extractions and reports, the FBI has been able to forensically image and extract data from three digital devices. As we previously discussed, a fourth device is currently under review pursuant to a search warrant obtained last week. Enclosed are Bates numbered copies of that search warrant and search warrant application. With respect to the three devices for which the FBI has been able to extract and review data:

- One of the devices is an Apple iPad identified by the FBI as evidence number 1B177, believed to have belonged to victim Angela Rose Solano Quitasol and/or members of her family. As explained in a previously produced FBI report (*see* BOYLAN_00058031), the FBI did not find any content related to the Labor Day weekend dive trip aboard the P/V *Conception* on this device. Thus, we have not produced and will not be producing any data, including any Cellebrite extraction files or records, from this device.

- The second device is an Apple iPhone identified by the FBI as evidence number 1B174, believed to have belonged to victim Carol Diana Adamic. The data from

Wakefield / Rivera / Deixler
RE:  United States v. Jerry Nehl Boylan
August 31, 2022
Page 2

> that device was extracted and saved as a separate evidence item, identified by the FBI as evidence number 1B316.  We previously produced to you the vast majority of materials obtained as part of the extraction of responsive materials from that data (*see* BOYLAN_00061547 – 00061600), with the exception of two of the Cellebrite system files.  We are enclosing with this letter a reproduction of the entirety of the data from the extraction of responsive materials from this device, along with these two additional Cellebrite system files, for your ease of review.

- The third device is an Apple iPhone identified by the FBI as evidence number 1B136, believed to have belonged to victim Patricia Ann Beitzinger.  We recently produced to you a Cellebrite report reflecting the responsive information extracted from the device, along with the responsive images and video.  (*See* BOYLAN_00330784 – 00330813.)  We are enclosing with this letter the entirety of the data from the extraction of responsive materials from this device, including the materials we previously produced and accompanying Cellebrite system files, for your ease of review.

Regarding your second request concerning other devices from which reviewable data has not been extracted, we previously produced certain reports documenting the review process for a number of those devices.  (*See* BOYLAN_00329825 – 00329827; BOYLAN_00329840 – 00329842.)  Enclosed are additional Bates numbered reports documenting the review process for these devices, with the exception of reports relating to the FBI's ongoing review of the fourth device described above.  We currently are working with the FBI's Electronic Device Analysis Unit (EDAU) in Quantico, Virginia to obtain additional notes, if any, relating to the analysis of these devices and will produce any additional materials when we receive them.

Regarding your third request, enclosed are Bates numbered copies of the applications for search warrant extensions.

Regarding your fourth request concerning the recovery of two additional phones in September 2020, we soon will be producing FBI and Santa Barbara County Sheriff's Office reports related to the recovery, handling and assessment of the devices.  In brief, after being recovered by two private parties during the memorial dive event near Santa Cruz Island, the devices were turned over to the Santa Barbara County Sheriff's Office.  The phones were then provided to the FBI, and FBI personnel initially determined that they could not search the phones given their condition.  Assuming the phones were from the *Conception*, they had been underwater for at least one year at that point.  Nonetheless, the FBI has sent the devices to the EDAU in Quantico for further assessment.

Regarding your fifth request concerning Production 5, we initially produced primarily audio/video files without Bates numbers in order to expedite your review of those materials.  We then produced additional files after the Bates numbering process had been completed, but our litigation support team confirmed that there were duplicate files common to both productions.

Wakefield / Rivera / Deixler
RE:  United States v. Jerry Nehl Boylan
August 31, 2022
Page 3

We are in the process of reconciling the two productions in order to determine which files appear in both, which has been a time consuming and technologically difficult process.  Our litigation support team is continuing to work on this project and we will provide updated information as soon as we are able.

     Regarding your sixth request, as we confirmed over email yesterday, the native file versions of the materials originally produced in production 10 were previously provided to you over USAfx on May 19, 2022.  Per your request, we sent you (along with paralegal Jonathan Choi) another link to those native files over USAfx.

     The enclosed materials and any future discovery provided to you that may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law are provided voluntarily and solely as a matter of discretion.  By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

     With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure.  The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense.

     Finally, we have not received your expert designation.  Pursuant to Rule 16(b)(1)(C), the government again hereby requests disclosure of testimony that you intend to use under Rules 702, 703, and/or 705 of the Federal Rules of Evidence.

     Please let me know if you have any questions or would like to further discuss any of the matters raised above.

Very truly yours,

    /s/

MARK A. WILLIAMS
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
Assistant United States Attorneys
Environmental & Community Safety Crimes Section

Enclosures