E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1300/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/3819/0304
     E-mail:   Mark.A.Williams@usdoj.gov
               Matthew.O'Brien@usdoj.gov
               Brian.Faerstein@usdoj.gov
               Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |

     Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, Brian R. Faerstein, and Juan M. Rodriguez, and defendant JERRY NEHL BOYLAN ("defendant"), by and through his counsel of record, Deputy Federal Public Defenders Georgina

Wakefield, Gabriela Rivera, and Julia Deixler (collectively, the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1).

Introduction and Grounds for Protective Order

1.  Defendant is charged in this matter with a violation of 18 U.S.C. § 1115: Misconduct or Neglect of Ship Officer.  Defendant is released on bond pending trial.

2.  A protective order is necessary because the government is being ordered to produce to the defense materials containing third parties' PII, specifically, complete forensic images of data extractions from four third-party digital devices, identified as FBI Device Nos. 1B136, 1B174, 1B177, and 1B290 (the "Subject Data"), that the defense will search pursuant to further search parameters to be determined by the Court.  (See Dkt. Nos. 39, 40.)  The government believes that disclosure of the Subject Data without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of the Subject Data without the Court entering the Protective Order.  In addition, in ordering the government to make available the Subject Data to the defense, the Court directed that the "parties are to discuss the terms of an appropriate protective order."  (Dkt. No. 39 at 3.)

3.  The purpose of the Protective Order is to (a) allow the government to comply with the Court's Order regarding the Subject

Data (Dkt. No. 40) while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.  To be clear, the proposed Protective Order is intended to supplement, not supplant, the parameters and procedures for the defense's review of the Subject Data as ordered by the Court.

Definitions

4.    The parties agree to the following definitions:

        a.    "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

        b.    "Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

        c.    "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

        d.    Notwithstanding any of the terms and conditions set forth below, with regards to the complete forensic images of the Subject Data, which the government will designate as Confidential

Information, under no circumstances shall the Defense Team, defendant, defendant's family members, or any other associates of defendant have access to the complete forensic images of the Subject Data; the only individual who shall have access to the Subject Data shall be the individual identified by the defense and designated by the Court to conduct an initial review of the Subject Data (hereinafter, the "Forensic Analyst"), subject to the search parameters to be ordered by the Court (see Dkt. 40).  Once the Forensic Analyst reviews the Subject Data and identifies and isolates material, if any, responsive to the applicable search parameters (hereinafter, the "Seized Material"), the Seized Material shall also be deemed Confidential Information and must be treated in accordance with all other terms of this Protective Order.  The Defense Team and defendant may only have access to the Seized Material, subject to the terms set forth below.

Terms of the Protective Order

5.   The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

a.   The government is authorized to provide defense counsel with Confidential Information marked with the following, or substantially similar, legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.

b.    If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c.    Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

e.    At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

f.    Defendant may review Confidential Information only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any Confidential Information.  At the conclusion of any meeting with defendant at which defendant is permitted to view Confidential Information, defendant must return any Confidential Information to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any Confidential Information out of the room in which defendant is meeting with the Defense Team.

g.    Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in

this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present if Confidential Information is being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

j.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information

6

subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

l.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

m.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

n.    Defense counsel agrees to advise the Forensic Analyst, defendant, and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing the Forensic Analyst, defendant, and members of the Defense Team with access to any materials subject to the Protective Order.

o.    Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

//

//

//

         p.   Accordingly, the parties have agreed to request that
the Court enter a protective order in the form submitted herewith.

     IT IS SO STIPULATED.

     DATED: 5/3/2023              E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____
                                  MARK A. WILLIAMS
                                  MATTHEW W. O'BRIEN
                                  BRIAN R. FAERSTEIN
                                  JUAN M. RODRIGUEZ
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA


     DATED: 5/3/2023              /s/ with email authorization
                                  GEORGINA WAKEFIELD
                                  GABRIELA RIVERA
                                  JULIA DEIXLER
                                  Attorneys for Defendant
                                  JERRY NEHL BOYLAN