CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JERRY NEHL BOYLAN, <br><br> Defendant. | Case No. 2:22-CR-00482-GW <br><br> **EX PARTE APPLICATION TO CONTINUE TRIAL** <br><br> Current Trial Date: September 26, 2023 <br><br> Proposed Trial: November 28, 2023 |

Jerry Nehl Boylan, through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby moves this Honorable Court *ex parte* for an order continuing trial from September 26, 2023 to November 28, 2023.

//

//

//

This *ex parte* application is based upon the attached declaration of counsel, all files and records in this case, and such evidence and argument as may be presented at the hearing, if any, on the motion. The government is opposed to this application and intends to file a written opposition.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 19, 2023        By  /s/ Georgina Wakefield
                                GEORGINA WAKEFIELD
                                Deputy Federal Public Defender
                                Attorney for JERRY NEHL BOYLAN

# DECLARATION OF GEORGINA WAKEFIELD

I, Georgina Wakefield, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California assigned to represent Jerry Nehl Boylan in the above-entitled action.

2. Trial is currently set for September 26, 2023. By this application, I am seeking to continue the trial date by two months to November 28, 2023.

3. I am requesting a continuance based upon the reasons set forth in this declaration, as well as the concurrently filed in camera declaration.

4. I am scheduled to start a two-defendant 31-count securities fraud and money laundering trial on September 12, 2023. *United States v. Aggarwal et al.*, 2:15-CR-00465-TJH. In numerous stipulations to continue the trial date drafted by the government and filed in that case over the course of several years, the government wrote, "the parties estimate that the trial in this matter will last approximately two to three weeks." *See, e.g.*, Dkt. No. 626 at 2; Dkt. No. 606 at 2; Dkt. No. 601 at 2; Dkt. No. 599 at 2; Dkt. No. 591 at 2; Dkt. No. 586 at 2. Only in one stipulation to continue trial—the most recent—the government wrote, "the parties estimate that the trial in this matter will last approximately one to two weeks." Dkt. No. 634 at 2. Judge Hatter's most recent order, filed after that stipulation, reflects a two to three week estimate. Dkt. No. 651.

5. Appointed counsel representing a co-defendant in the *Aggarwal* case who is joined with my client for trial indicated that he could not provide effective assistance of counsel to his client if the *Aggarwal* trial proceeded on September 12, 2023. Because of that representation, I did not believe the *Aggarwal* case would proceed to trial on that date and I would be available for trial in this matter. However, on July 17, 2023, the parties appeared for a status conference before Judge Hatter where counsel for the government opposed the requested continuance. Judge Hatter denied the

1  request to continue the trial date and kept the September 12, 2023 trial date.  The
2  minute order reflects a trial estimate of two to three weeks.  Dkt. No. 651.
3      6.   I believe a two to three week estimate in the *Aggarwal* trial is reasonable.
4  First, it is the estimate stated by the government in court filings over several years and
5  reflected in Judge Hatter's order denying the most recent request for a continuance.
6  Second, trial against a severed co-defendant in that case already occurred and lasted
7  eleven court days, including three days of juror deliberations.  I believe my trial will be
8  longer than the trial against the severed defendant for a few reasons: 1) my trial
9  involves two defendants—i.e., two opening statements, two closing arguments, two
10 lawyers conducting cross-examination of each witness, etc.—while the first trial
11 involved only one defendant; 2) the government in my trial has noticed an expert
12 witness in securities trading who was not called in the first trial, and in addition to the
13 time for direct and redirect examination, attorneys for two defendants will cross-
14 examine the witness; and 3) I have reason to believe my trial will involve the
15 presentation of a defense case, while the defendant in the severed trial did not put on
16 any case.  I do not believe it is reasonable to expect my trial to be shorter than the
17 severed trial in *Aggarwal*.
18     7.   The two cases are currently set for trial two weeks apart.  If the *Aggarwal*
19 trial spills into the third week, which I believe is a reasonable possibility since the
20 severed trial did, I will be unable to start trial in this matter on September 26, 2023.
21     8.   Even if the *Aggarwal* trial lasted only two weeks, I would be unable to
22 proceed to trial in this matter immediately thereafter on September 26, 2023.  Both
23 cases are complex and involve voluminous discovery.  The *Aggarwal* indictment
24 charges 31 counts of securities fraud and money laundering.  The discovery consists of
25 nearly 360,000 pages of bates stamped discovery, along with two million documents
26 produced by the Securities Exchange Commission.  In this case, the discovery consists
27 of 1.2 million records, consisting of 362,121 document pages, 17,992 emails, 224,485
28 photo types, 2428 audio files, and 763 spreadsheets.  The remaining records often

require specialty programs to open or are data files. I cannot simultaneously prepare and then try two complex, discovery-heavy trials involving millions of pages back-to-back without an intervening break.

9. I am lead counsel in both cases. I am the primary point of contact with my clients in both cases. One client would be denied continuity of counsel if I could not proceed to trial in both matters.

10. As described in the concurrently filed *in camera* declaration, I have diligently prepared this case for trial and the requested continuance is not for a lack of preparation.

11. The Indictment in this case was filed on October 18, 2022. Mr. Boylan first appeared before a judicial officer of the Court in which the charges in this case were pending on November 10, 2022. He pleaded not guilty and jury trial was set for December 20, 2022.

12. The Court has previously continued the trial date from December 20, 2022 to September 26, 2023, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. This is the third request for a continuance and the first that has been opposed.

13. For the foregoing reasons, I represent that failure to grant the continuance would deny me reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

14. Further, Mr. Boylan believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

15. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

//
//

16. On July 17, 2023, I contacted government counsel to discuss this application. The assigned AUSAs informed me that they are opposed to a continuance and intend to file a written opposition to this application.

Executed on July 19, 2023, at Los Angeles, California.

      /s/ Georgina Wakefield      .
GEORGINA WAKEFIELD