E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3359
    E-mail:  Mark.A.Williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JERRY NEHL BOYLAN,<br><br>        Defendant. | No. CR 22-482-GW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL (DKT. NO. 60) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Matthew O'Brien, Brian Faerstein, and Juan Rodriguez, hereby files its Opposition to defendant JERRY NEHL BOYLAN's Ex Parte Application to Continue Trial (Dkt. No. 60).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.  The government respectfully requests a hearing if the Court is inclined to grant defendant's request.

Dated:  July 20, 2023              Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                          /s/
                                    ─────────────────────────────
                                    MARK A. WILLIAMS
                                    MATTHEW W. O'BRIEN
                                    BRIAN R. FAERSTEIN
                                    JUAN M. RODRIGUEZ
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defense attorneys do not have a unilateral right to pick a trial date of their choosing.  A defendant's rights must be balanced against the rights of the public – including victims - to a speedy trial and the rights of victims in particular to "proceedings free from unreasonable delay."  18 U.S.C. § 3771(a)(7).  Here, defense counsel's sixth request for a trial continuance, which arises solely out of a purported conflict of their own making, is not supported by any good cause, especially when balanced against the momentous victims' interests in this case.

In May 2023, defense counsel requested, ex parte, the current trial date of September 26, 2023, representing that the government did not oppose that request so long as it was the "final continuance."  (Dkt. No. 51.)  Defense counsel's request for a "final continuance" was their fifth request to continue the trial in this matter (originally filed under case number CR 20-600-GW).  In that prior ex parte application, defense counsel selected the trial date of September 26, 2023 while acknowledging that one of the defense attorneys had another trial scheduled for September 12, 2023, thus representing that they could manage both.  Now the defense seeks to delay the trial yet again, for reasons they knew about in May 2023.  The gamesmanship must end.

All the while, the families of the 34 deceased victims in this case have endured the following:

- On September 2, 2019, and in the days that followed, the 34 victims' families learned that their loved ones had been killed by a fire onboard the *Conception*, whose captain

    (defendant) was asleep when the fire began, was the first person to jump overboard, had never trained his crew in firefighting, and had ordered his crew to jump overboard rather than attempt to save the victims.

- After defendant was indicted in December 2020, the 34 victims' families had to endure two lengthy trial continuances at defendant's request, before making plans to attend the trial on October 4, 2022 in Los Angeles (most of the victims' families are not local).

- In August 2022, the 34 victims' families learned that a video taken by one of the victims during the fire proved that the victims were alive and well – and thus could have been saved – minutes _after_ defendant jumped overboard.

- Later in August 2022, just over one month before trial, the 34 victims' families were informed that the defense was seeking another seven-month delay, which the government opposed.

- On September 1, 2022, one day before the three-year anniversary of their loved ones' deaths, the 34 victims' families learned that this Court would dismiss the case by issuing the first judicial opinion on record requiring the government to allege gross negligence as an element of 18 U.S.C. § 1115.

- After the government re-indicted the case to allege defendant's gross negligence in October 2022, the 34 victims' families had to endure two more trial continuances at the defense's request before making plans to attend the trial on September 26, 2023.

2

Now, defendant moves to push the trial date yet again, <u>for the sixth time</u>. Each trial continuance has devastated the 34 victims' families. Each continuance has deflated the families' faith in the federal judicial system and their hope of attaining justice for their deceased loved ones. Nonetheless, the government reluctantly stipulated to (or did not object to) all but one of the prior continuances because good cause existed for the continuances due to the circumstances of the case and COVID-19. The defense's latest request, in contrast, lacks good cause and any reasonable basis.

Defendant's sixth request should be denied because: (1) the defense has had more than two-and-a-half years to prepare for trial[1]; (2) defense counsel has known – since January 2023 – about the trial conflict in <u>United States v. Aggarwal et al.</u>, 15-CR-465-TJH, a conflict which they knowingly created; (3) there is no good reason why this trial and <u>Aggarwal</u> cannot both proceed on their current trial dates; and (4) the convenience of a new trial date for the defense does not outweigh the agony that another continuance would inflict upon the families of defendant's 34 deceased victims.

There is no good cause and the Court should deny the <u>ex parte</u> application on the papers. If the Court is inclined to grant defendant's request, the government respectfully requests the opportunity to be heard at a hearing, particularly with regard to the proposed trial date the week after Thanksgiving.

---

[1] The defense's application does not even mention the original indictment in December 2020 and defendant's prior continuance requests.

3

**II.   THE COURT SHOULD DENY DEFENDANT'S REQUEST FOR YET ANOTHER TRIAL CONTINUNACE**

The sole basis defense counsel asserts in support of the requisite showing of good cause for another continuance is a purported trial conflict the defense previously knew about. Specifically, one of the four defense attorneys represents that she has a trial conflict on September 12, 2023 in United States v. Aggarwal, 15-CR-465-TJH, an eight-year-old case that has had fourteen trial continuances. The problem is that the defense requested the September 26, 2023 trial date in this case knowing about the Aggarwal trial conflict. (See Dkt. No. 51, ¶ 9(c) (defendant's May 8, 2023 ex parte application to continue the trial date in this case to September 26, 2023, describing Aggarwal as a "a multi-defendant securities fraud trial scheduled for September 12, 2023").) The defense cannot complain about a conflict they knowingly created.

Defense counsel may very well have doubted that the Aggarwal case would go to trial on September 12, 2023, as they appear to contend in their application. (See Appl. Decl. ¶ 5.) But that is not an excuse under the Speedy Trial Act, or any other authority. It also does not constitute good cause to continue the current trial date. The defense requested the September 26, 2023 trial date in this case knowing of the possibility that the Aggarwal trial would occur on September 12, 2023. Indeed, in the January 10, 2023 stipulation to continue the Aggarwal trial to September 12, 2023, defense counsel stipulated that "[t]he parties agree that absent good cause, neither the government nor the defense will request any further continuances of the trial date in this matter." (United States v. Aggarwal, 15-CR-465-TJH, Dkt. No. 637, n.1.) By signing

4

that stipulation, defense counsel also endorsed the representation that "the parties estimate that the trial in [the Aggarwal] matter will last approximately one to two weeks," (id. ¶ 3) which would allow the one defense attorney with the conflict here to join her three colleagues at the Federal Public Defender's Office when trial commences in this case on September 26, 2023.

Defense counsel spends a significant portion of their application seeking to distance themselves from the one-to-two week trial estimate stipulated to by all the parties in Aggarwal. (See, e.g., Appl. Decl. ¶ 4 (claiming "the government wrote" the trial estimate but failing to acknowledge defense counsel co-signed the stipulation); ¶ 6 (speculating on reasons for trial longer than two weeks); ¶ 8 ("Even if the Aggarwal trial lasted only two weeks . . . .").) Presumably, the parties' joint revised trial estimate in their most recent stipulation submitted to the court in Aggarwal reflects the best estimate of that trial's length. In fact, just last week, the government reiterated in Aggarwal that "trial in this matter is not expected to last more than one or two weeks." (United States v. Aggarwal, 15-CR-465-TJH, Dkt. No. 648 at 2-3.) But in any event, however long the Aggarwal trial ends up lasting, it does not constitute good cause for a continuance in this case given defense counsel's longstanding awareness that both trials could proceed back-to-back.

To be clear, the government recognizes and sympathizes with defense counsel's workloads. However, the heavy trial workloads at the Federal Public Defender's Office are not a legitimate basis for yet another continuance. Whereas prior continuances in this case were justified by the circumstances of the case and COVID-19, the

latest request by the defense – based on a pre-existing conflict of one of defendant's four lawyers – has no legitimate basis.

Defendant is represented by four highly skilled attorneys from the Federal Public Defender's Office who have all appeared and filed and/or argued substantive motions in this case.[2] The defendant in Aggarwal is represented by two highly skilled attorneys from the Federal Public Defender's Office. The fact that one attorney from the Federal Public Defender's Office is on both trial teams does not merit pushing the trial in this case.

The 34 victims' families strongly oppose another continuance. The victims' families uniformly have voiced opposition to continuances of the trial date and asked the government to convey their position to the Court. The victims' families consider each continuance to be a slap in the face, where the interests of defendant (and now, perhaps, his lawyers) are placed above their own. The Speedy Trial Act is not intended to solely benefit a defendant; the victims' families and the public have a right to a speedy trial as well, particularly in a case of such public importance as this one. Indeed, the Crime Victims' Rights Act affords victims "the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Defense counsel's sixth request for a continuance, borne out of a conflict of their own making, not only lacks any basis for good cause but also is wholly unreasonable in light of the substantial victims' interests at stake.

---

[2] The fourth attorney from the Federal Public Defender's Office, Josh Weiss, is not yet listed on the docket in this matter but he was on the docket in CR 20-600-GW and he is currently involved in preparation for the September 26, 2023 trial, including motion practice and witness interviews.

6

**III. THE DEFENSE'S IN CAMERA FILING CANNOT JUSTIFY A TWO-MONTH CONTINUANCE**

The defense has yet again submitted an in camera filing, precluding the government, the victims' families, and the general public from knowing the substance of the defense's secret communications with the Court.  The Court should reject the defense's tactics.

If the in camera filing relates to Aggarwal, the defense has known about that self-created trial conflict for months, as explained above.

If the in camera filing relates to the importance of the defense attorney with the trial conflict to trial preparations in this case, again, that was well known to the defense when they selected the current trial dates in both cases.

If the in camera filing relates to the purported need for more time to prepare for the trial in this case, it is undermined by the fact that (1) this case has been pending for more than two and a half years; (2) the four defense attorneys should have known about their trial preparations when they requested the current trial date with the understanding it would be the final continuance in this case; and (3) the defense has never explained this purported basis for a continuance to the government (and is unwilling to do so publicly).

**IV.   THE PROPOSED TRIAL DATE IS UNJUSTIFIED**

If, despite the foregoing, the Court is inclined to continue the trial yet again, the government requests that the trial be continued only one or two weeks at most.  There is no reason why the trial in this matter cannot begin and end in October 2023.

7

The defense's proposal for a November 28, 2023 trial date is unreasonable and unwarranted. Since May 2023, defendant's four lawyers have known that they needed to keep October 2023 clear for this trial. Yet defense counsel now claims that due to their busy trial schedules this trial must be sandwiched between Thanksgiving and Christmas, a notoriously difficult time of the year for witnesses, jurors, and victims. The defense's proposed trial date would add insult to injury, particularly for the 34 victims' families, who now have repeatedly had to go through the painful process of making arrangements to attend a lengthy (and likely excruciating) trial in a city where almost none of them live, right on the heels of the Thanksgiving holiday. A delay of only a week or two would be far less devastating to the families, emotionally and logistically, than a delay of two more months.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's ex parte application.