CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JERRY NEHL BOYLAN, <br><br> Defendant. | Case No. 22-CR-00482-GW <br><br> **NOTICE OF WITHDRAWAL OF MOTION TO COMPEL GOVERNMENT TO COMPLY WITH RULE 16 AND *BRADY*** |

//
//
//
//
//
//

1

Defendant Jerry Nehl Boylan, by and through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby provides notice of the withdrawal of his pending Motion to Compel. (ECF No. 65.) Following the filing of the motion to compel, government counsel has represented that the documents sought in the motion will be made available to the defense and the government will comply with its ongoing *Brady* obligations. (*See* Declaration of Gabriela Rivera.) The government's representations obviate the need for the Court to address the issue at this point, though Mr. Boylan will renew the arguments set forth in the motion should he encounter any difficulties obtaining the relief sought therein. In withdrawing his motion to compel specific discovery, Mr. Boylan is not waiving or withdrawing his arguments about the scope of the government's discovery obligations under Rule 16 and *Brady* and its progeny.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 7, 2023        By  /s/ Gabriela Rivera
                                GEORGINA WAKEFIELD
                                GABRIELA RIVERA
                                JULIA DEIXLER
                                Deputy Federal Public Defenders
                                Attorneys for JERRY NEHL BOYLAN

**DECLARATION OF GABRIELA RIVERA**

I, Gabriela Rivera, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California assigned to represent Jerry Boylan in this case.

2. On July 21, 2023, Mr. Boylan filed a motion to compel the government to comply with its obligations under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland* and its progeny. (ECF No. 65.) The motion sought the compelled production of deposition transcripts and other discovery materials from a civil lawsuit against the United States Coast Guard. Both the civil lawsuit and the criminal case against Mr. Boylan stem from the same tragic accident and involve the same federal agency, the Coast Guard. Accordingly, Mr. Boylan's motion argued that the materials sought are, as a matter of law, in the government's possession and must be produced. Additionally, Mr. Boylan argued that the government has an independent and affirmative obligation under *Brady* and its progeny to learn of and produce any favorable evidence in the possession of any agent or agency involved in the investigation or prosecution of Mr. Boylan. Because the Coast Guard has participated in the investigation and prosecution of Mr. Boylan, the defense argued that the prosecutors are duty-bound to learn of any evidence favorable to Mr. Boylan that is in the possession of the Coast Guard or other investigating agencies.

3. On July 25, 2023, government counsel contacted defense counsel and took the position that the prosecutors in the criminal case did not have possession, custody, or control of the discovery materials from the civil matter and that the requested materials are not discoverable under Rule 16 or *Brady*. Nonetheless, government counsel agreed to produce some discovery from the civil matter to the defense and subsequently did so.

//
//
//

1

4. On July 27, 2023, defense counsel and government counsel met in person and discussed the motion to compel. Government counsel took the position that the prosecution did not have access to all Coast Guard materials because the Coast Guard is a relatively large agency.

5. On July 31, 2023, defense counsel contacted government counsel and maintained that the defense should be provided access to all discovery from the civil lawsuit against the Coast Guard, including discovery produced pursuant to a protective order. Defense counsel noted that the defense would be willing to agree to a protective order similar to the order entered in the civil matter. In light of the government's position that it did not have access to materials in the Coast Guard's possession, the defense requested that government counsel confirm that it has produced all *Brady* material in the possession of investigating agencies, including the Coast Guard, the FBI, and the ATF.

6. Government counsel responded on August 2, 2023, and instructed defense counsel to submit a written request for materials subject to a protective order in the civil case to the Coast Guard's defense counsel in the civil case. In response to the defense's request for confirmation that the government has complied with its *Brady* obligations with respect to materials and information in the possession of the Coast Guard, FBI, and ATF, the government responded that the government had already produced extensive discovery from all three of those agencies and will continue to comply with its ongoing *Brady* obligations.

7. On August 3, given the government's failure to reconsider its position that it does not have access to all materials in the Coast Guard's possession, defense counsel again requested that the government confirm that it is complying with its *Brady* obligations with respect to materials in the possession of the Coast Guard, the ATF, the FBI, and any other agencies or agents that have been involved in the investigation and prosecution of the case against Mr. Boylan. In light of the government's position, defense counsel explained in writing that prosecutors' affirmative obligation to learn of

*Brady* evidence extends to information known to other agents of the government of which the prosecutor did not know but could have learned, and prosecutors are presumed and deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant. Thus, defense counsel explained, it is of no moment that the Coast Guard is purportedly a relatively large agency, or that several agencies have been involved in the investigation of Mr. Boylan, or that the government's production of discovery thus far has otherwise been "extensive." Regardless of the size and number of the involved agencies or the breadth of discovery produced thus far, defense counsel wrote, government counsel remains obligated to proactively seek out and produce any information that might be favorable to the defense, including information in the possession of the Coast Guard, the ATF, the FBI, and other investigating agencies.

8. On August 4, in response to defense counsel's letter, government counsel wrote that they "will continue to comply with our ongoing *Brady* obligations. "

9. In light of the government's representations that defense counsel will be provided access to discovery from the civil lawsuit against the Coast Guard and that the government will continue to comply with its ongoing *Brady* obligations, defense counsel advised the government that the motion to compel will be withdrawn but will be renewed should the defense encounter any difficulty obtaining discovery from the civil case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: August 7, 2023                    By:  /s/ *Gabriela Rivera*
                                              Gabriela Rivera
                                              Deputy Federal Public Defender

3