# EXHIBIT 1

1

```
 1                    UNITED STATES DISTRICT COURT

 2         CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

 3           HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

 4

 5  UNITED STATES OF AMERICA,

 6                  Plaintiff,

 7         vs.                          Case No. CR 22-0482

 8  JERRY NEHL BOYLAN,

 9                  Defendants.
    _____/
10

11

12
                          REPORTER'S TRANSCRIPT OF
13                           STATUS CONFERENCE
                           Thursday, July 27, 2023
14                               8:30 a.m.
                           LOS ANGELES, CALIFORNIA
15

16

17

18

19

20

21
    _____
22
                TERRI A. HOURIGAN, CSR NO. 3838, CCRR
23                FEDERAL OFFICIAL COURT REPORTER
                  350 WEST FIRST STREET, ROOM 4311
24                  LOS ANGELES, CALIFORNIA  90012
                           (213) 894-2849
25
```

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    UNITED STATES ATTORNEY'S OFFICE
    United States Attorney
    BY: MATTHEW W. O'BRIEN
        BRIAN R. FAERSTEIN
        JUAN M. RODRIGUEZ
            Assistant United States Attorneys
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012

**FOR THE DEFENDANT:**

    FEDERAL PUBLIC DEFENDER'S OFFICE
    BY: GABRIELA RIVERA
        GEORGINA WAKEFIELD
        JULIA DEIXLER
        Deputy Federal Public Defenders
    Central District of California
    321 East Second Street
    Los Angeles, California 90012

```
 1        LOS ANGELES, CALIFORNIA; THURSDAY, JULY 27, 2023
 2                          8:30 a.m.
 3                           --oOo--
 4
 5
 6           THE COURT:  Let me call the matter of USA versus
 7   Boylan.
 8           THE COURTROOM DEPUTY:  I think they may be outside,
 9   let me check.
10           THE COURTROOM DEPUTY:  Everyone on the telephone
11   needs to mute their device right now before I transfer.
12           THE COURT:  All right.  Let me call the matter of
13   United States versus Boylan.
14        For the government, we have?
15           MR. O'BRIEN:  Good morning, Your Honor.  Matthew
16   O'Brien on behalf of the United States.  I'm joined by my
17   colleagues, Mark Williams, Brian Faerstein and Juan Rodriguez.
18           THE COURT:  All right.  For the defense?
19           MS. WAKEFIELD:  Good morning, Your Honor.  Georgia
20   Wakefield, Gabriela Rivera and Julia Deixler on behalf of
21   Mr. Boylan, there is a waiver of his presence on file.
22           THE COURT:  We are here on the defense's ex parte
23   application to continue the trial date, which is currently set
24   for September 26th, with a pre-trial date of September the
25   14th.
```

1  I have looked at the ex parte application and the
2  government's opposition.
3  Let me give you my thoughts at this point in time and if
4  anybody wants to argue, they are free to argue.
5  MR. O'BRIEN: Sorry to interrupt.
6  THE COURT: Unless you resolved the matter?
7  MR. O'BRIEN: Is the phone line on? I'm sorry, to
8  interrupt.
9  THE COURTROOM DEPUTY: I am joining them.
10  MR. O'BRIEN: There are some victim's families on
11  the line.
12  THE COURT: I understand that. Now, he's thrown the
13  train off the tracks.
14  I have looked at the materials, and I will allow the
15  parties to argue, but let me give you my thoughts at this point
16  in time.
17  The ostensible reason for the continuance is the fact
18  that one of the defense counsel is going to be potentially in a
19  trial that is set to begin in front of Judge Hatter on
20  September the 12th, and it is a matter that is supposed to last
21  either one week and up to three weeks.
22  Obviously, if she is in another trial, then I can't
23  really start this trial. I think that's pretty much of a
24  given.
25  Although, I do understand the government wants to make

1  an argument that the case should proceed without said counsel
2  because there are other defense counsel who are also on board.
3       Let me just ask, does that really work in front of the
4  other judges as a tactic, especially I have had the experience
5  where it is argued that plaintiff's counsel is unavailable and
6  defense wants to make an argument, although, defense has a
7  speedy trial in their pocket, which is a little bit more cogil
8  than it is for the government's side.
9       MR. O'BRIEN: Your Honor, I think that issue is moot
10 because the trial with the conflict -- the government's
11 estimate is four-day case in chief.
12      THE COURT: Well, that is what I was going to say.
13 My actual tentative was going to be if it only lasts a week, I
14 think that the defense counsel can participate in this matter,
15 because frankly, that will give her at least a week in addition
16 to the time between now and September to prepare for both
17 trials.
18      And I will tell a war story, and I know you are tired of
19 hearing war stories from me.
20      When I was an AUSA, I was in the middle of a trial in
21 front of Judge Rafeedie, and I had a trial that was supposed to
22 start in front of Judge Wilson that he would not continue, even
23 though I was in a trial with Judge Rafeedie.
24      Finally, after begging him, he started the trial the
25 next day that I got done with the trial in front of Judge

1  Rafeedie.
2       So I think government counsel, on both sides, have to
3  accept the fact that scheduling is scheduling.
4       But I do agree if the defense counsel is in the middle
5  of a trial in front of another judge, I'm not going to force
6  her to somehow choose.
7       Conversely, however, I understand that I know maybe
8  starting this trial the next day upon completion of the other
9  criminal case would not quite be fair.
10      But conversely, if there is a week, I think that is
11 plenty of time to prepare for this case.
12          MS. WAKEFIELD:  I think it would be incredibly
13 disruptive if that trial does last longer.
14          THE COURT:  That is the point for both sides.  I'm
15 willing to do this, because I'm here no matter anyway, that's
16 what I would do.
17      But it might very well be disruptive in the sense that I
18 have already indicated if I give her a week, and so if I can't
19 give her the week, then I will have to postpone.
20      But then again, I might be only postponing for an
21 additional week or something like that.
22      It might be somewhat disruptive, but I don't think it's
23 a major disruption because I don't see anything in the
24 intervening situation that the government counsel or defense
25 counsel would be heading towards some trial other than mine at

1  that point.

2        MS. WAKEFIELD: I understand, Your Honor.

3      I believe that a last minute one-week continuance or

4  two-week continuance or three-week continuance, depending on

5  how long the other trial goes at the last minute, given all of

6  the witnesses that will be called in this case on both sides,

7  will be very difficult to manage, but I will also just say

8  there is absolutely no way my trial will last only four days.

9      The defense case probably won't even be that short.

10       THE COURT: You mean, the government's case?

11       MS. WAKEFIELD: No, I mean in my other trial, the

12 defense case there are two defendants, we're both putting on

13 cases, so it's going to be way longer than four days or

14 one week. And the first trial that went, spilled into the

15 third week, and it was just one defendant and the government

16 has said it's calling the same exact witnesses, plus an

17 additional insider trading expert that will take at least a

18 day, if not more, to put on his testimony to be cross-examined

19 by two defendant's counsel, and then for rebuttal.

20     So I just don't think it makes any sense to have an

21 uncertain trial date, given the size and volume of this trial.

22       THE COURT: You have a certain trial date. The

23 trial date at this point in time is the 26th of September, with

24 the understanding, however, that if your case goes over the

25 expected time, I will give you at least a week between the end

```
 1  of your trial and the start of this trial.
 2              MS. WAKEFIELD:  And I just don't think that is
 3  plausible, given all of the management we have to do on our
 4  side, even our own witnesses.
 5          So, I mean, if that's what the Court is inclined to do
 6  then --
 7              THE COURT:  Let's put it this way, the government is
 8  refusing to abide my continuance.
 9          This case was originally set on the 26th at the request
10  of both sides with the understanding of both sides that they
11  would be available.
12          I'm not blaming the defense, because obviously, things
13  happen, and especially if there is a situation where there is
14  either a retrial or something of that sort, things like that
15  will happen.
16          But conversely, however, what can I say?  I understand
17  everybody's concerns, but that is what I'm giving you.
18              MS. WAKEFIELD:  May I have a moment?
19              THE COURT:  Sure.  If the parties -- if they agree
20  on a new date, I have no problem with giving you guys a new
21  date as long as you agree upon it and as long as I am available
22  as well.
23              MS. WAKEFIELD:  I believe that's what is happening
24  right now.
25              THE COURT:  Okay.
```

1          THE COURTROOM DEPUTY:  The folks on the telephone,
2    please mute your devices.
3          MS. WAKEFIELD:  Your Honor, could we ask for two
4    weeks between the end of my trial, the trial in front of Judge
5    Hatter and this trial, and I will explain why.
6          Five minutes before the government filed the opposition
7    it produced almost 15,000 pages of discovery.
8          THE COURT:  In this case?
9          MS. WAKEFIELD:  In this case.
10         We also have a dispute right now about whether items in
11   the possession of the Coast Guard, who is the investigating
12   agency in this case, are within the government's possession for
13   the purposes of *Brady*.  So there could be potential additional
14   litigation related to that.
15         The government's position is that the items that the
16   Coast Guard is too large of an agency for them to possibly
17   produce any *Brady* or look for any *Brady* for us, and so we're
18   trying to figure this out right now.
19         THE COURT:  I presume you -- the defense can serve
20   some form of discovery as long as you have the Court's
21   permission on the Coast Guard, can't you?
22         MS. WAKEFIELD:  We filed a motion to compel on
23   Friday.  The parties are trying to resolve it.  There is a
24   dispute about the Coast Guard, and the government, until now,
25   has not looked for *Brady* in the government's possession because

1  it is in the Coast Guard's possession, because its position is
2  that it does not have access to them.
3         So if that position changes, there will be other
4  discovery that comes --
5             THE COURT:  Has anyone inquired of the Coast Guard
6  whether or not they are going to be objecting to production of
7  those items?
8             MS. WAKEFIELD:  I don't know if the government has
9  asked.
10            MR. WILLIAMS:  Your Honor, counsel raised this in
11 the hall right before this hearing and we haven't had a chance
12 to look into this issue.
13            THE COURT:  This is the reason why the parties
14 should get together and discuss a date between you guys.
15        You are relatively asking for a small universe of time
16 at this point, because it seems to me that, you know, the
17 parties -- I mean, you are basically talking about at most a
18 two-week difference between what the parties want, and maybe
19 even closer to that if these other matters can be resolved.
20        Why don't you talk amongst yourselves and see if you can
21 agree on a date.
22        If you agree on a date, check with my clerk as well to
23 make sure that those dates are available to you, and I'm
24 available, I don't care what you guys -- you guys can put
25 whatever date you want is fine with me as long as I'm

1  available.
2          I understand this case is somewhat old, et cetera, et
3  cetera, so, it will have priority over a lot of my other
4  criminal cases.  Although, I do have a series, which I have
5  been trying at this point in time of the Mexican Mafia cases,
6  that is one after another after another, those I can't move
7  because those are much older.
8          But aside from that, if I'm available, I will be happy
9  to have this one done at a time that is mutually acceptable to
10 both sides.
11            MR. O'BRIEN:  Your Honor, could we have a few
12 minutes to talk and come back and counter?
13            THE COURT:  Sure.  I will tell you what, how long is
14 it going to be?
15         I have another matter which may take a little bit of
16 time.
17         If you can do it in about five minutes?
18            MR. O'BRIEN:  Five minutes would be fine, Your
19 Honor.
20            THE COURT:  We will take a five-minute break for you
21 guys.
22                         (Recess.)
23            THE COURTROOM DEPUTY:  Please remain seated and come
24 to order.
25            THE COURT:  All right.  Let me ask counsel, did you

**UNITED STATES DISTRICT COURT**

```
 1   reach an agreement?
 2            MR. O'BRIEN:  Your Honor, the government --
 3            THE COURT:  I'm sitting here watching you guys talk
 4   with each other.
 5            MR. O'BRIEN:  Your Honor, I'm not sure -- there is
 6   not an agreement, but for the record, the government would be
 7   okay with a two-week continuance pushing the trial to
 8   October 10th, irrespective of when the other trial ends.
 9            MS. WAKEFIELD:  We are okay with a date of October
10   24th, so we're two weeks apart right now.
11        I will just point out we have asked the government to
12   disclose its witness list, its exhibit list, to agree to
13   discovery cutoff, they have not agreed to that.
14        Those things would make life a lot easier, but so I
15   think October 24th is reasonable, given that the first trial in
16   my other case lasted into the third week.
17        In that trial, it was only one defendant, and now there
18   are two defendants, and so that would give me time to finish
19   that trial, to prepare for this trial, which is extremely
20   complex, and has a ton of discovery that we still haven't even
21   finished reviewing because it is being produced on an ongoing
22   basis.
23        So it's not like there is a complete universe for me to
24   prepare right now, and I will be out of pocket preparing for
25   the other trial and doing the other trial essentially for a
```

1  month.
2        So, I think two weeks beyond what the government is
3  willing to agree to is not an unreasonable ask, Your Honor.
4        THE COURT:  Let me ask Javier, what is my calendar
5  for end of September and October?
6        MS. WAKEFIELD:  Your Honor, I think we have reached
7  an agreement.
8        THE COURT:  What is the date?
9        MS. WAKEFIELD:  October 24th, the defense will not
10 ask for any more continuances unless there is an extreme
11 emergency, like COVID or something like that, but we have no
12 intention of seeking a continuance.
13        THE COURT:  Except for dismemberment.
14        MS. WAKEFIELD:  Well, let's hope that doesn't
15 happen.  October 24th.
16        THE COURT:  If you were in a firm, you could
17 sacrifice an associate.
18        MS. WAKEFIELD:  Fortunately, I'm not in a firm.
19        THE COURT:  I want to make sure that date is clear.
20 I don't have any of the Mexican Mafia cases, do I?
21        THE COURTROOM DEPUTY:  No.  You have the smaller
22 group.  You split the groups and there is two defendants
23 scheduled for that.
24        THE COURT:  I will give you the 24th of October.
25        MS. WAKEFIELD:  Thank you, Your Honor.

1  THE COURT: But what I want also is this, I want you
2  guys to resolve this pending stuff as soon as possible, so in
3  other words, I want the motion in regards to the materials with
4  the Coast Guard, I want that set to be heard within the next
5  three weeks, because I want to resolve this stuff.
6  MS. WAKEFIELD: Yes.
7  THE COURT: I understand the government has -- at
8  some point in time you are going to fish and cut bait and
9  decide what the cutoff date is going to be for this discovery.
10 I'm not going to allow discovery to be produced really close to
11 the trial date, simply for the fact we have these type of
12 situations.
13 MR. O'BRIEN: Your Honor, it's understood. In my
14 view, I realize counsel may disagree, what is going on is we
15 normally go back and forth, they submit requests.
16 THE COURT: I'm not blaming anybody, I want the
17 stuff to get done, so I don't have other requests for
18 continuances or whatever.
19    Again, I don't want to have the headache, I want this
20 stuff to be resolved as soon as possible so this stuff can go
21 forward.
22 MR. O'BRIEN: Thank you, Your Honor.
23 THE COURT: Anything else I need to do?
24    I will put the pretrial the 12th of October.
25 MS. WAKEFIELD: We're trying in earnest to resolve

Case 2:22-cr-00482-GW   Document 85-1   Filed 09/07/23   Page 16 of 17   Page ID #:1283

15

```
 1  the motion to compel.
 2          THE COURT:  Is that the one with the Coast Guard?
 3          MS. WAKEFIELD:  Yes.
 4          THE COURT:  Why don't you call the Coast Guard and
 5  see if they have any problems with producing any of the stuff,
 6  it might be faster.
 7          MR. O'BRIEN:  Understood, Your Honor.
 8          THE COURT:  You could say that I told you guys to do
 9  that, in case they are wondering why you are doing that.
10      I also want a stip that since I'm moving the trial date
11  to October 24th, I want a stip from him that if I can't bring
12  him to trial on the 24th, for example, I'm in another case, I
13  would have up until November the 21st to bring him to trial
14  without violating his right to speedy trial.
15          MS. WAKEFIELD:  Understood.  Thank you, Your Honor.
16          MR. O'BRIEN:  Thank you, Your Honor.
17          THE COURT:  Thank you.
18              (The proceedings concluded at 9:29 a.m.)
19                              * * *
20
21
22
23
24
25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3   COUNTY OF LOS ANGELES   )
                             )
 4   STATE OF CALIFORNIA     )
 5
 6           I, TERRI A. HOURIGAN, Federal Official Realtime
 7   Court Reporter, in and for the United States District Court for
 8   the Central District of California, do hereby certify that
 9   pursuant to Section 753, Title 28, United States Code that the
10   foregoing is a true and correct transcript of the
11   stenographically reported proceedings held in the
12   above-entitled matter and that the transcript page format is in
13   conformance with the regulations of the judicial conference of
14   the United States.
15
16   Date: 1st day of August, 2023.
17
18
19                                    /s/ TERRI A. HOURIGAN
                                   _____
20                                  TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                                          Federal Court Reporter
21
22
23
24
25
```