E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/3819/0304
     E-mail:  Mark.A.Williams@usdoj.gov
              Matthew.O'Brien@usdoj.gov
              Brian.Faerstein@usdoj.gov
              Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO REVISIONS TO COAST GUARD REGULATIONS AFTER SEPTEMBER 2, 2019 |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | Hearing Date: Oct. 12, 2023<br>Hearing Time: 8:00 a.m.<br>Place: Courtroom 9D |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, Brian R. Faerstein, and Juan M. Rodriguez, hereby moves in limine to exclude any evidence or argument relating to Coast

Guard regulation revisions considered and/or implemented after September 2, 2019.

    This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 14, 2023    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

      /s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................1

II.  RELEVANT BACKGROUND...........................................2

III. ARGUMENT......................................................2

    A.  Evidence That the Coast Guard Revised Its Regulations After September 2, 2019 Is Inadmissible Under Rules 401, 402, and 403.........................................2

        1.  Evidence Regarding Regulatory Changes After the *Conception* Fire Is Irrelevant........................2

        2.  Evidence Regarding Regulatory Changes After the *Conception* Fire Is Barred Under Rule 403.............3

    B.  Rule 407 Further Underscores That Evidence Regarding Revisions to the Coast Guard Regulations After September 2019 Is Inadmissible............................6

        1.  Rule 407 Applies in Criminal Cases....................6

        2.  The Purposes Underlying Rule 407 Show Why the Coast Guard's Remedial Changes Are Inadmissible......8

IV.  CONCLUSION...................................................10

**TABLE OF AUTHORITIES**

FEDERAL CASES:

Boeing Airplane Co. v. Brown,
  291 F.2d 310 (9th Cir. 1961) ......................................... 6
Columbia & P. S. R. Co. v. Hawthorne,
  144 U.S. 202 (1892) ............................................... 5, 9
Gauthier v. AMF, Inc.,
  788 F.2d 634 (9th Cir. 1986) ......................................... 6
Luera v. Snyder,
  599 F.Supp. 1459 (D. Colo. 1984) ..................................... 8
Maddox v. City of Los Angeles,
  792 F.2d 1408 (9th Cir. 1986) ........................................ 8
Old Chief v. United States,
  519 U.S. 172 (1997) .................................................. 5
United States v. DSD Shipping, A.S.,
  No. 15-102-CG-B, 2015 WL 5722805 (S.D. Ala. Sept. 29, 2015) ....... 7
United States v. Pac. Gas & Elec. Co.,
  178 F. Supp. 3d 927 (N.D. Cal. 2016) ............................. 5, 7

FEDERAL STATUTES:

18 U.S.C. § 1115.......................................................10

FEDERAL RULES:

Fed. R. Evid. 403................................................. 8, 10
Fed. R. Evid. 407................................................ 6, 8, 9
Federal Rules of Evidence 401-403..................................1, 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The *Conception* fire occurred on September 2, 2019. In an effort to strengthen preexisting safety requirements so as to safeguard against a similar catastrophe in the future, after September 2019 the Coast Guard implemented new (and modified existing) regulations through its rulemaking process. The Coast Guard's important work should not -- and may not -- be weaponized in the context of this criminal prosecution. The Coast Guard's efforts after the fire to amend its regulations are irrelevant to whether defendant JERRY NEHL BOYLAN ("defendant") failed to follow the regulations in place on September 2, 2019.

Pursuant to Federal Rules of Evidence 401-403 and 407, the government moves in limine to exclude any evidence or argument relating to revisions to Title 46, Code of Federal Regulations, Subchapter T and K that were made or contemplated, or recommended to the Coast Guard by any person or entity (including the National Transportation Safety Board ("NTSB")), after the *Conception* fire.

The Coast Guard's rulemaking and administrative actions after the fire have no relevance to defendant's conduct before and during the fire. Even if such evidence were relevant (it is not), any probative value would be minimal and substantially outweighed by the danger that the evidence would cause unfair prejudice, confuse the issues, mislead the jury, cause undue delay, and waste time.

Moreover, Rule 407 bars the introduction of subsequent remedial measures (in this case, on the part of the Coast Guard) to establish a party's liability or culpability. The Court should not allow the

defense to shift blame at trial from defendant's gross negligence to alleged infirmities in the Coast Guard's regulatory scheme.

**II.  RELEVANT BACKGROUND**

Title 46, Code of Federal Regulations Subchapter T, governs the construction, outfitting, and operation of small passenger vessels, including the *Conception*, that are under 100 gross tons and carry 150 or fewer passengers or have overnight accommodations for 49 or fewer passengers.  Following the *Conception* fire, the Coast Guard considered and implemented new, and modified existing, regulations through its rulemaking process.  While the regulations cited in the indictment pertaining to the night watch requirement and the requirement of the crew having fire safety training and drills were modified, <u>none</u> of the language in the regulations in effect at the time of the *Conception* disaster was altered.  Instead, the Coast Guard added to the existing provisions of those regulations, as well as to other regulations pertaining to fire suppression, egress, and hazardous items, to make them more stringent.[1]

**III. ARGUMENT**

    **A.   Evidence That the Coast Guard Revised Its Regulations After September 2, 2019 Is Inadmissible Under Rules 401, 402, and 403**

        1.   <u>Evidence Regarding Regulatory Changes After the *Conception* Fire Is Irrelevant</u>

Evidence or argument relating to modifications, or recommended changes, to the Coast Guard regulations after the *Conception* fire have no relevance to defendant's failure to follow numerous regulations and requirements before and during the fire.

---

[1] A summary of the changes can be found in the Federal Register. (Table 1, https://www.govinfo.gov/content/pkg/FR-2021-12-27/pdf/2021-27549.pdf).

2

Evidence regarding traditional administrative actions taken or considered by the Coast Guard <u>after</u> the fire has no "tendency to make a fact more or less probable than it would be without the evidence" relating to defendant's misconduct prior to and during the fire. Fed. R. Evid. 401. Nor are any facts about the Coast Guard's regulatory functions after the fire "of consequence in determining the action." <u>Id.</u> Any such evidence fails both requirements of the conjunctive test of Rule 401, and thus is inadmissible under Rule 402.

In particular, if the jury hears evidence that defendant deviated from his duties or from the Coast Guard regulations, the jury may consider that evidence in concluding that defendant was grossly negligent. This question depends on the Coast Guard regulations in place as of September 2, 2019, not any subsequent modifications. The only possible relevance of subsequent modifications would be to somehow paint the Coast Guard as being responsible for defendant's gross negligence based on the Coast Guard's subsequent remedial measures, which, as discussed below, is not a proper purpose for such evidence. The Court thus should preclude evidence or argument regarding the Coast Guard's regulatory actions after the *Conception* fire on this basis alone.

        2.   <u>Evidence Regarding Regulatory Changes After the *Conception* Fire Is Barred Under Rule 403</u>

Even if there was any permissible relevance to the post hoc modifications to the Coast Guard regulations (there is none), such evidence would be only minimally probative to the question of whether defendant was grossly negligent in ignoring the regulations in place

3

as of September 2, 2019 in the lead-up to and during the *Conception*'s final voyage.

The process of the Coast Guard modifying certain provisions and regulations are irrelevant to defendant's upcoming trial. Modifications to Coast Guard regulations do not mean that the old regulations were unclear, or that they sanctioned defendant's conduct. Defendant is free to argue that he did not understand certain regulations or did not think they were important. But later changes to those regulations have no probative value to the issue of his disregard of the regulations.

Permitting such evidence or argument would unfairly prejudice the government by allowing defendant to seek to influence and nullify the jury through illegitimate means. Evidence or argument about revisions to the regulations would prompt the jury to draw the unfairly prejudicial (and incorrect) inference that these revisions were tantamount to a concession by the Coast Guard that the defendant's conduct complied with the regulations in place at the time of the *Conception* fire. They did not.

The defense also may seek to cast aspersions at the Coast Guard for actions it took after the *Conception* disaster, seeking to blame the Coast Guard for the deaths of the 34 victims. Indeed, in their recent motion seeking special jury selection procedures, the defense pointed to the Coast Guard's purported failure to previously "implement safety recommendations from the NTSB." (Dkt. 95 at 3.) Such argument serves no purpose but to unfairly sway the jury that the Coast Guard is at fault based on actions it took after the fire, and therefore the Coast Guard, and not the defendant, should be on trial. This is an improper basis, under Rule 403, for seeking to

4

admit evidence, as it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Pac. Gas & Elec. Co., 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016) (citing Old Chief v. United States, 519 U.S. 172, 180 (1997)). Moreover, the Coast Guard's rulemaking function is not probative of any purported fault in the matter in any event. See Columbia & P. S. R. Co. v. Hawthorne, 144 U.S. 202, 207 (1892) ("the taking of such precautions against the future is not to be construed as an admission of responsibility for the past," and "has no legitimate tendency to prove that the [party] had been negligent before the accident happened").

Similarly, evidence or argument regarding the Coast Guard's regulatory changes also substantially risks confusing the issues and misleading the jury. The issue is not what the Coast Guard regulations could have required in September 2019, or what they require now. The issue is what the Coast Guard regulations required as of September 2019, and whether defendant was grossly negligent in repeatedly ignoring those requirements. Regulatory changes after September 2019 have nothing to do with defendant's state of mind, misconduct, and inattention to duties before and during the fire. Whether the regulations in September 2019 were adequate, or whether the regulations should have been worded differently, are issues that would mislead and confuse the jury.

Finally, admitting this evidence would not be in the interests of judicial economy, and would unduly prolong the trial. If the defense were permitted to inject irrelevant issues about the Coast Guard's regulatory actions following the fire, including complex issues regarding agency rulemaking, the government would have to

5

explain what changes the Coast Guard made, the impetus for each change, how the changes were formulated and vetted, and why each change has no bearing on defendant's criminal liability. The introduction of this complicated evidence by both sides would waste the jury's time.

### B. Rule 407 Further Underscores That Evidence Regarding Revisions to the Coast Guard Regulations After September 2019 Is Inadmissible

Rule 407 prohibits the introduction of subsequent remedial measures to demonstrate liability. Specifically, Rule 407 states, in relevant part, that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove...negligence [or] culpable conduct...." Fed. R. Evid. 407; see also Boeing Airplane Co. v. Brown, 291 F.2d 310, 315 (9th Cir. 1961) (subsequent remedial measures are inadmissible with regard to the issue of prior negligence). Rule 407 primarily serves the policy purpose of encouraging parties to implement changes to safety measures without fear that such "change-in-policy" evidence will later be used in a legal proceeding. See Gauthier v. AMF, Inc., 788 F.2d 634, 637 (9th Cir. 1986) (purpose of the rule is to encourage parties to improve safety "conditions without fear that subsequent measures will be used as evidence against them"); Fed. R. Evid. 407, adv. comm. notes 1972 ("The courts have applied this principle to exclude evidence of subsequent repairs, installation of safety devices, changes in company rules, and discharge of employees.") (emphasis added).

#### 1. Rule 407 Applies in Criminal Cases

While Rule 407 most often arises in the civil context, it applies to criminal cases where conduct amounting to a subsequent

6

remedial measure may not be offered as substantive evidence against a party to show culpability. For example, in United States v. Pacific Gas & Electric Company, a district court within the Ninth Circuit analyzed the underlying rationale of Rule 407 and recognized that while the rule "may more often find application in civil cases, 'neither harm nor injury are exclusively civil matters.'" Pac. Gas & Elec. Co., 178 F. Supp. 3d at 951 (quoting United States v. DSD Shipping, A.S., No. 15-102-CG-B, 2015 WL 5722805, at *1 (S.D. Ala. Sept. 29, 2015)). The court found that the purpose of Rule 407 "applies with equal force to civil and criminal cases" and thus "that Rule 407's bar of subsequent remedial measures can apply to criminal cases and may apply to this one."[2] Id.

Unlike the typical case in which the plaintiff seeks to introduce evidence of a defendant's subsequent remedial measures to show defendant's civil liability, defendant here may seek to introduce evidence of the Coast Guard's subsequent remedial measures to shift responsibility and somehow negate his own criminal liability.[3] The principles of Rule 407 should apply with equal force in this criminal case in precluding the defense from seeking to attribute blame to the Coast Guard for regulatory modifications it made after the *Conception* fire.

---

[2] In so concluding, the district court recognized there appeared to be no binding authority on the question of Rule 407's application to criminal cases and disagreed with district courts outside of the Ninth Circuit that had reached the contrary conclusion. Pac. Gas & Elec. Co., 178 F. Supp. 3d at 951.

[3] To be clear, by invoking Rule 407 here, the government is neither asserting nor acknowledging that the modifications that the Coast Guard implemented after the fire would have made defendant's gross negligence any less likely.

7

2. <u>The Purposes Underlying Rule 407 Show Why the Coast Guard's Remedial Changes Are Inadmissible</u>

Rule 407 prohibits the defense from seeking to cast the Coast Guard's regulatory revisions as some sort of an acknowledgment that the changes could have made the "earlier injury or harm [of the *Conception* fire] less likely to occur." Fed. R. Evid. 407. The inadmissibility of the Coast Guard's post-fire actions under Rule 407 crystalizes the lack of relevance of this evidence under Rules 401 and 402 as well as its minimal probative value and danger of confusing the issues, misleading the jury, wasting time, and unfairly prejudicing the government under Rule 403. Indeed, Rule 407 constitutes one of the "concrete applications" of Rule 403's balancing test, and reflects that subsequent remedial measures rarely warrant admission under Rule 403. <u>See</u> Fed. R. Evid. 403, adv. comm. Notes 1972; <u>see</u> <u>also</u> 23 Charles Alan Wright, Arthur R. Miller & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5282 (2d ed. 2023 update) ("[S]uch evidence is irrelevant or has such minimal probative value that the costs of admitting such evidence outweigh the benefits.").

Here, the rationale of Rule 407 reflects that the probative value of such subsequent measures is slight compared to the danger of unfair prejudice and other concerns identified above under Rule 403, and that admitting such evidence or argument may discourage government entities which promulgate rules from revisiting their regulations. <u>See, e.g.</u>, <u>Luera v. Snyder</u>, 599 F.Supp. 1459, 1463 (D. Colo. 1984) (testimony regarding police department's subsequent remedial measures was inadmissible) <u>cited with approval in</u> <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1417 (9th Cir. 1986).

8

The public should expect that the Coast Guard would evaluate and, where appropriate, make modifications to its regulations following a catastrophic event such as the *Conception* fire.  But "the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the [party] had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against [that party]."  Hawthorne, 144 U.S. at 207.

There are two basic rationales for Rule 407's exclusion of subsequent remedial measures.  First, the Rule reflects the drafters' judgment that the probative value of such evidence is extremely slight compared to the potential for unfair prejudice.

Second, the Rule is based on "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety" after a victim suffers harm.  Fed. R. Evid. 407, adv. comm. notes.  Because parties may fear the evidential use of such acts in litigation, admitting such evidence would make it less likely that individuals or entities will take remedial action.

While Rule 407 provides for certain limited exceptions, none of those exceptions apply here.  Rule 407 permits the introduction of subsequent remedial measures for only limited purposes, including "proving ownership, control, or feasibility of precautionary measures."  Fed. R. Evid. 407.  This case, however, does not implicate any questions of ownership or control.  And this case is not about whether the Coast Guard could have taken additional steps to somehow remedy defendant's intentional neglect of longstanding

9

Coast Guard regulatory requirements; it is about whether defendant violated 18 U.S.C. § 1115 in September 2019.

This Court, however, does not need to decide whether Rule 407 independently bars the admission of this evidence. Because Rule 407 is just a "concrete application[]" of Rule 403's balancing test of probative value versus the dangers Rule 403 identifies, Fed. R. Evid. 403, adv. comm. notes, the Court can exclude this evidence under Rule 403 (or, just as appropriately, under Rules 401 and 402) as well.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion and exclude any evidence or argument about modifications to the Coast Guard regulations that were made or contemplated, or recommended to the Coast Guard by any person or entity, after September 2, 2019.