CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Josh_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY NEHL BOYLAN,<br><br>Defendant. | Case No. 2:22-CR-00482<br><br>**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CIVIL LITIGATION RELATED TO THE FIRE ABOARD THE CONCEPTION**<br><br>October 12, 2023 at 8:00 a.m.<br><br>The Honorable George H. Wu |

1

Defendant Jerry Nehl Boylan, through counsel, files this opposition to the government's motion in limine to exclude evidence and argument regarding, and any reference to, the pending state and federal civil lawsuits arising out of the fire aboard the *Conception* on September 2, 2019 (ECF No. 109).

                                                Respectfully submitted,

                                                CUAUHTEMOC ORTEGA
                                                Federal Public Defender

DATED: September 21, 2023       By  */s/ Gabriela Rivera*
                                                GEORGINA WAKEFIELD
                                                GABRIELA RIVERA
                                                JULIA DEIXLER
                                                JOSHUA D. WEISS
                                                Deputy Federal Public Defenders
                                                Attorneys for JERRY NEHL BOYLAN

## I. INTRODUCTION

The Court should reject the government's overbroad request to preclude all reference to pending civil litigation related to the fire aboard the *Conception*. The government's motion spends ten pages discussing the civil litigation and theorizing about how the defense might attempt to inappropriately refer to that litigation during Mr. Boylan's criminal trial, but the government's motion is more noteworthy for what it fails to address. First, the motion fails to disclose that the civil litigants have been engaged in discovery, and some people who are likely to be called as witnesses in the criminal trial have already given sworn deposition testimony in the civil litigation. This is critical because, should those witnesses testify at trial in a manner inconsistent with their prior deposition testimony, it may become necessary to impeach them with that testimony. Additionally, evidence and documents that are independently admissible in any of the civil litigation are similarly independently admissible in this criminal trial regardless of their source. Second, the government fails to acknowledge that before the government even filed its motion, the defense had already agreed to not touch upon the civil litigation at all unless necessary for impeachment, to introduce a document or evidence from the civil litigation, or in response to the government opening the door to the topic. Furthermore and critically, the defense agreed not to refer to the civil litigation by name and proposed referring to any relevant civil matter as "another matter."

The government's conclusory arguments fail to consider that reference to evidence and testimony from the civil cases may be relevant and have significant probative value because, for example, it may help jurors make critical evaluations of witness credibility. Any theoretical prejudicial effect can be mitigated by declining to specifically name or describe the other litigation and instead, as the defense proposed, refer to "another matter."

1

Because reference to evidence or testimony from the pending civil litigation may become relevant and, if described as proposed by the defense (as "another matter") would not pose a danger of being substantially more prejudicial than probative, this Court should deny the government's motion *in limine*.

## II. ARGUMENT

### A. Evidence or Testimony From the Civil Litigation May Become Relevant and Necessary

The government's position that the civil litigation has no relevance or probative value in the criminal case overlooks an obvious and permissible purpose for which the parties might wish to introduce such evidence: impeachment of witnesses. Although the government's motion suggests that "the civil cases are all in their relatively early stages," (Gov't Mot. at 5) the government is aware that, in addition to requesting and producing written discovery, the civil litigants have taken deposition testimony. Indeed, some of the people who are likely to be called as witnesses in the criminal trial—for example, survivors of the *Conception* fire—have already sat for depositions and given extensive deposition testimony on the same topics that will be at issue in this criminal case (*e.g.*, their observations of the fire as it progressed). To the extent that those witnesses testify in the criminal trial in a manner inconsistent with their prior deposition testimony, the defense should be permitted to cross-examine those witnesses concerning such inconsistencies. Such questioning is basic impeachment permitted by Federal Rules of Evidence 613(b) and 801(d)(1)(A) (governing prior inconsistent statements). *See also* Fed. R. Evid. 801 advisory committee's note ("A prior statement of a witness at a trial or hearing which is inconsistent with his testimony is, of course, always admissible for the purpose of impeaching the witness' credibility.")

The Supreme Court has recognized the importance of evaluating witness credibility, noting that "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*,

415 U.S. 308, 316 (1974). It is imperative that the defense be allowed to present a full picture to the jury of a potential witness's credibility so that the jurors may properly decide how much weight to give that witness's testimony. Reference to evidence or testimony from the civil litigation as it relates to witness impeachment is highly relevant to the important function of cross-examination and the jury's decisions about how to value witness testimony.

Mr. Boylan has a Constitutional right to present a complete defense, *Crane v. Kentucky*, 476 U.S. 683, 689 (1986), including the right to put before the jury evidence that might influence the determination of guilt, *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987), and the right to a fair opportunity to counter evidence offered in the government's case, *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). Those rights do not exempt him from the Rules of Evidence, and the defense believes that all of the evidence that it will seek to admit at trial falls squarely within recognized rules. To that end, evidence and documents that are independently admissible in the civil litigation are similarly independently admissible in this criminal trial and thus do not require any explanation at all as to their source or the claims at issue in the civil litigation in which they were produced.

In these narrow circumstances, reference to testimony or evidence from the civil litigation is relevant to this case and should therefore be admitted, particularly in light of the defense's proposal to refer to the civil litigation as simply "another matter." *See* Fed. R. Evid. 402.

**B. If the Government Opens the Door to the Civil Litigation, the Defense Must Be Permitted to Respond on the Same Topic**

If the government opens the door to evidence or argument regarding the civil litigation, the defense must be permitted to respond. For example, if during trial the government or its witnesses suggest that Mr. Boylan is subject to civil liability in addition to the criminal charge at issue, the defense would likely seek to introduce

3

evidence of the civil litigation only to demonstrate that Mr. Boylan does not face civil liability. This would not be to cast doubt on his criminal liability, as the government suggests. (Gov't Mot. at 6). Rather, it would rebut a false impression that the government or one of its witnesses may give the jury, one that could unfairly prejudice the jurors that Mr. Boylan is more likely to be guilty because they believe he also faces civil charges.[1]

### C. The Government Exaggerates the Dangers of Unfair Prejudice and Underestimates the Probative Value of the Evidence

Given both the defense's agreement that the civil litigation is of limited use in the criminal trial and the defense's proposal to refer to the civil litigation simply as "another matter," the government's concerns about unfair prejudice are overblown. Nearly all of the government's lengthy arguments about the dangers of unfair prejudice and confusion of the jury are mitigated by the defense's simple proposal that the parties refer generically to "another matter" rather than specifically name or describe the civil litigation. For example, the probative value of referencing evidence or testimony from the civil litigation in order to impeach witnesses is significant because the jury's evaluation of the witnesses' credibility will inform their determination of the verdict. With the prejudicial effect of referencing evidence or testimony from the civil matters minimized, it cannot be said to substantially outweigh the probative value of impeachment evidence.

First, the government's speculative arguments about the purposes for which the defense might seek to reference evidence or testimony from the ongoing civil cases simply do not make sense given that the defense offered to agree to excluding the evidence, with the two minor caveats noted previously. For example, the defense has no intention of arguing that because Mr. Boylan has not been implicated in a civil

---

[1] This is, of course, only one example, but there are innumerable scenarios in which the government might open the door to the civil litigation.

4

1  lawsuit, the jury should doubt his criminal liability.  (Gov't Mot. at 6).  Similarly, the
2  defense has no intention of arguing that simply because the United States is a defendant
3  in a civil lawsuit related to the *Conception* fire, the jury should consider its complicity.
4  (Gov't Mot. at 5-6).  Given that the defense has conceded the narrow purposes for
5  which it intends to reference evidence or testimony from the civil matters, and the
6  prosecution's guesswork falls into neither category, the fear that such evidence will
7  unfairly prejudice the government is unfounded.
8      Second, the government's concern that introducing any evidence of the civil
9  litigation would cause undue delay and result in a mini-trial is mitigated by the defense
10 agreeing to refer to the litigation simply as "another matter."  The government claims it
11 would need to "complete the picture" if the defense referenced evidence or testimony
12 from the civil litigation by calling other witnesses for purposes such as testifying about
13 the United States' defense to an alleged waiver of sovereign immunity.  (Gov't Mot. at
14 10).  This would certainly cause a delay, but it is unnecessary and unlikely to happen
15 because the defense has already agreed to not specifically reference or describe the
16 pending civil litigation.
17     Furthermore, the government fails to cite a case that is sufficiently analogous as
18 to be instructive.  The government cites *United States v. Hite* for the proposition that
19 jurors may become confused by information about the contexts and charges within
20 other unrelated cases, and, accordingly, such evidence should be excluded under Rule
21 403.  769 F.3d 1154, 1171-72 (D.C. Cir. 2014).  But *Hite* concerned prior testimony
22 that was so specific to the particular case that it "could only be fairly understood in the
23 context" of "two prior, unrelated cases" and defense counsel could not use it to
24 impeach the witness.  *Id.* at 1171.  This holding is hardly helpful here because there is
25 no such level of difference between a witness's testimony in this criminal case and
26 deposition testimony in a civil lawsuit; any testimony or evidence in a civil case
27
28
                                              5

regarding the *Conception* fire refers to the same set of events and facts that are at issue in the criminal case.

Other cases the government cites appear to stand for generally useful propositions, but they are not applicable to the evidence the government seeks to exclude and thus have no bearing here. The government cites *United States v. Lupton* to lend support to its assertion that testimony about tangential matters may confuse the jury and should thus be excluded. 620 F.3d 790, 800 (7th Cir. 2010); (Gov't Mot. at 9.). In that case, the properly excluded testimony was submitted for the truth of the matter, not to impeach a witness and help the jury make important evaluations of witness credibility. *Id.* Similarly, the government relies on *United States v. Jimenez* to argue that limiting cross-examination about unrelated investigations is appropriate. 513 F.3d 62, 76 (3d Cir. 2008); (Gov't Mot. at 8). Again, the testimony that was properly excluded was being submitted for a purpose other than impeaching a witness for prior inconsistent statements. 513 F.3d at 76. The same issue arises for the government's reliance on *Dicks v. United States*, where the testimony at issue was not submitted to impeach a witness for prior inconsistent statements. Civil Action No. 09-2614, 2010 WL 11484356, at *6 (E.D. Pa. Sept. 8, 2010); (Gov't Mot. at 8).

The government's arguments fail to take into account that evidence and testimony from the civil litigation may be independently admissible, relevant, and have significant probative value in this case. If it does, and if there is a need to refer to where, for example, the testimony was given, the defense will refer to the civil litigation as "another matter." Referring to it as such mitigates any theoretical prejudicial effect.

//
//
//
//

6

## III. CONCLUSION

The Court should deny the government's motion *in limine* to exclude any reference to the pending civil litigation related to the *Conception* fire.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 21, 2023      By  */s/ Gabriela Rivera*
GEORGINA WAKEFIELD
GABRIELA RIVERA
JULIA DEIXLER
JOSHUA D. WEISS
Deputy Federal Public Defenders
Attorneys for JERRY NEHL BOYLAN

7