

FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JERRY NEHL BOYLAN,<br><br>      Defendant. | No. CR 22-482-GW<br><br>**FINAL JURY INSTRUCTIONS** |

## **Final Jury Instructions**

### I. Introductory Instructions

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions has been provided to you.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

This is a criminal case brought by the United States Government. The Government charges the Defendant Jerry Boylan with a single crime, a violation of 18 U.S.C. § 1115. It alleges that on September 2, 2019, off the Channel Islands, a fire broke out on a small passenger vessel called the Conception, and 34 people onboard lost their lives. The Government asserts that, as the captain of the Conception, Defendant's misconduct and/or gross negligence caused those deaths. Among the alleged acts of misconduct and/or gross negligence are: not having an overnight watchman or roving patrol, insufficiently training and drilling the vessel's crew in firefighting and other safety procedures, and his failure to instruct or provide directions to crewmembers regarding firefighting at the time of the fire.

The charge against the Defendant is contained in the Indictment. The Indictment simply describes the charge the Government brings against the Defendant. The Indictment is not evidence and does not prove anything.

The Defendant has pleaded not guilty to the charge and is presumed innocent unless and until the Government proves him guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove his innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On

1

the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits received in evidence; and
(3) any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact. Before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received in evidence. When a lawyer asked a question or offered an exhibit in evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;

    (5) the witness's bias or prejudice, if any;
    (6) whether other evidence contradicted the witness's testimony;
    (7) the reasonableness of the witness's testimony in light of all the evidence; and
    (8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

The parties have agreed to certain facts that have been stated to you and admitted at trial as Exhibit 290. Those facts are now conclusively established.

You have heard English-language recordings which have been received in evidence. You were shown transcripts of the English-language recordings to help you identify speakers and as a guide to help you listen to the recordings. However, as I have earlier instructed you, the English language recordings are the evidence, not the transcripts. If you heard something different from what appeared in the transcripts, what you heard is controlling.

You have heard testimony that the Defendant made certain statements prior to this trial. It is for you to decide, first, whether the Defendant made the statement(s), and second, if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement(s), including the circumstances under which the Defendant may have made it.

You are here only to determine whether the Defendant is guilty or not guilty of the charge in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

You have heard testimony from Senior Fire Research Engineer Jonathan Butta, Special Agent Certified Fire Investigator Derek Hill, and Captain Sean Tortora who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You have heard testimony from witnesses who testified to both facts and one of two types of opinions and the reasons for those opinions. I will describe all three types of testimony. The first is fact testimony. Fact testimony is based on what the witness personally saw, heard, or did. The second is opinion testimony based on the specialized knowledge, skill, experience, training, or education of the witness. The third is what is called "lay opinion testimony."

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the opinion testimony based on the witness's specialized knowledge, skill, experience,

3

training, or education, you should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified to personal observations or involvement as a fact witness, testifying about a lay opinion based on the witness's perceptions, or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

## II. Instructions as to the Crime

The Defendant is charged in the Indictment with a violation of 18 U.S.C. § 1115 which deals with misconduct and/or gross negligence of ship officers which causes the death of a person on navigable waters. For the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

> First, the Defendant was a captain employed on a vessel;

> Second, the Defendant engaged in misconduct and/or acted with gross negligence which means acting with wanton or reckless disregard for human life. To establish reckless disregard for human life, it must be shown that (1) Defendant was aware of the serious risk to human life which his conduct created, or Defendant knew of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk to human life; and (2) he deliberately disregarded that substantial and unjustifiable risk of creating a potentially life-threatening condition of which he was aware;

> Third, the Defendant's misconduct and/or gross negligence was the proximate cause of the death of a person on board the vessel. A proximate cause is one that played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of the Defendant's misconduct and/or gross negligence;

> Fourth, at least one of the deaths occurred within federal admiralty jurisdiction. Federal admiralty jurisdiction exists if a death occurs on a vessel engaged in commercial activity and on navigable waters that is used or susceptible of being used for maritime commerce or activity.

The Secretary of the Department of Homeland Security (whose jurisdiction includes the United

States Coast Guard) has issued regulations some of which set forth standards of care and safety precautions to protect against hazards that endanger vessels and/or the persons being transported on the vessels through navigable waters. Certain regulations have been admitted into evidence at trial: Exhibit 451: 46 C.F.R. § 176.100 – "When required;" Exhibit 452: 46 C.F.R. § 185.410 – "Watchmen;" Exhibit 453: 46 C.F.R. § 185.420 – "Crew training;" Exhibit 455: 46 C.F.R. § 185.510 – "Emergency instructions;" Exhibit 456: 46 C.F.R. § 185.524 – "Fire fighting drills and training;" and Exhibit 1042: 46 C.F.R. § 185.512 – "Recommended emergency instructions format." As applicable to Subchapter T – "Small Passenger Vessels under 100 Gross Tons," 46 C.F.R. § 175.400 states "*Master* means the individual having command of the vessel and who is the holder of a valid merchant mariner credential that authorized the individual to serve as master of a small passenger vessel."

In deciding whether Defendant violated 18 U.S.C. § 1115, you may consider whether Defendant failed to comply with one or more of those regulations and, if so, whether that (or those) failure(s) provide evidence as to one or more of the elements of the Section 1115 crime – for example whether Defendant knew of the risk to human life or knew of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk to human life.

The mere fact that the Defendant violated a regulation is not by itself sufficient to establish a violation of 18 U.S.C. § 1115. Rather, you must consider all of the relevant evidence regarding the existence or non-existence of gross negligence and the other elements of Section 1115. In evaluating the significance of a violation of a regulation by the Defendant (if you first find such violation by Defendant), you may consider: (1) whether the requirements in the regulation were specifically directed to persons in Defendant's position, (2) whether the requirements of the regulation were adequately set out, (3) whether the obligations under the regulation are mandatory or simply advisory, (4) if applicable, the degree or seriousness of the violation, (5) whether the regulation was enacted to protect the safety of passengers on board vessels, (6) the seriousness of the harm(s) that the regulation was designed to prevent, and (7) whether the kind of harm(s) (that the regulation was enacted to prevent) actually occurred as a result of the Defendant's failure to comply with the regulation.

The crime charged in the Indictment of 18 U.S.C. § 1115 includes the lesser crime of 46 U.S.C. § 2302(b) as to all bases except as to the charge that Defendant violated Section 1115 because of his alleged failure to have night watchmen/roving patrols. If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of violating 18 U.S.C. § 1115 on any bases other than the failure to provide night watchmen/roving patrols, and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of violating 46 U.S.C. § 2302(b), you may find the defendant guilty of the lesser crime.

In order for the defendant to be found guilty of the lesser crime of violating 46 U.S.C. § 2302(b), the Government must prove each of the following elements beyond a reasonable doubt:
    First, the Defendant operated a commercial vessel;
    Second, the Defendant operated the vessel in a grossly negligent manner, meaning with wanton or reckless disregard for human life;
    Third, the Defendant's grossly negligent conduct endangered the life, limb, or property of a person; and
    Fourth, the Defendant's gross negligence occurred within federal admiralty jurisdiction.

### III. Concluding Instructions

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have

5

considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

During your deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury

concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.