E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8644
    E-mail:   Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY NEHL BOYLAN,<br><br>    Defendant. | No. CR 22-482-GW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE HIS SENTENCING TO SIX MONTHS AFTER THE GUILTY VERDICT |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Matthew O'Brien, Brian Faerstein, and Juan Rodriguez, hereby files its opposition to defendant JERRY NEHL BOYLAN's ex parte application to continue his sentencing to six months after his guilty verdict.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 17, 2023						Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


			/s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The defense's bottomless efforts to delay justice in this case have reached a new low.  After years of delay tactics by the defense, including five motions to dismiss and six requests to continue trial, on November 6, 2023 a jury finally found defendant guilty of causing the deaths of the 34 victims on the *Conception*.  On the same day, the defense agreed to a sentencing date of February 8, 2024.  Yet just ten days later, defense counsel filed an ex parte full of excuses purportedly justifying continuing defendant's sentencing for three more months.  The Court should deny the ex parte.

As the Court is well aware, defendant is represented by four highly experienced Deputy Federal Public Defenders.  Their busy schedules and family commitments did not stop them from filing at least two dozen motions in this case.  They repeatedly flouted the Court's deadlines with last-minute filings, forcing the government to respond to frivolous motions on shortened notice over and over again.

The jury found defendant guilty on its first day of deliberations.  The defense then agreed to a February 8, 2024 sentencing, knowing that (1) the defense lawyers would need time to draft yet more motions; (2) the court reporters would need to prepare several forthcoming trial transcripts; (3) the defense lawyers have other clients and trials, including one scheduled for January 9, 2024 in United States v. Aggarwal; and (4) the upcoming holidays would complicate everyone's schedules.

What changed between November 6, 2023 (when the defense agreed to a February 8, 2024 sentencing date) and November 16, 2023 (when the defense announced they needed six months to prepare for the

sentencing)?  According to the defense, only one thing "changed": the defense lawyer with a trial in Aggarwal on January 9, 2024 found out that her trial "is likely to proceed on that date."[1]  (Motion, Decl. of Counsel at 1:21.)

The defense's excuses are hollow.  There are four defense attorneys.  They are all highly experienced.  They knew about the Aggarwal trial date and all of their other conflicts when they agreed to the February 8, 2024 sentencing date last week.  They are very familiar with the process of ordering expedited trial transcripts.  They know what their post-trial motions are going to say.  Continuing the sentencing based on their paper-thin excuses would be a travesty of justice.

As the Court is aware, this is no ordinary case.  The families of defendant's 34 victims attended every day of trial.  They are keenly interested in defendant's sentencing; indeed, they have been waiting for that day to come for four years.  They were in court following the verdict when the defense agreed to the February 8, 2024 sentencing date and have begun the process of preparing victim-impact statements.  Yet the defense now seeks to elevate pre-existing, mundane scheduling conflicts over the victims' families' sense of closure in this case, once again, by delaying the sentencing of the man whom the jury found caused the deaths of their loved ones, simply because one of the four defense lawyers might have a trial on January 9, 2024.

---

[1] As the Court may recall, the defense repeatedly used the pending Aggarwal trial as an excuse to continue the trial in this case.  (See, e.g., Dkt. Nos. 60, 62.)

2

The Court should deny the ex parte.  As the government told the defense before they filed the ex parte, the government is willing to be flexible regarding the defense's November 20, 2023 deadline for post-trial motions.  The government proposed to the defense the following briefing schedule: post-trial motions due on December 15, 2023; oppositions due on January 19, 2024; replies due on January 26, 2024; and a motion hearing at the sentencing hearing on February 8, 2024.  The government also informed the defense that it would be willing to continue defendant's sentencing one or two weeks.  The government's stands by its offer to compromise.

But the government rejects the notion that the defense is somehow entitled to a six-month delay between the jury verdict and sentencing, especially where the four defense attorneys have so aggressively represented defendant for so long.