E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Deputy Chief, Appeals Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/3819/0304
     E-mail:  Mark.A.Williams@usdoj.gov
              Alexander.P.Robbins@usdoj.gov
              Matthew.O'Brien@usdoj.gov
              Brian.Faerstein@usdoj.gov
              Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 22-482-GW |
| Plaintiff, | GOVERNMENT'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON ERROR IN LESSER INCLUDED OFFENSE INSTRUCTION |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | Hearing Date: April 22, 2024<br>Hearing Time: 8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

1  California and Assistant United States Attorneys Mark A. Williams,
2  Alexander P. Robbins, Matthew W. O'Brien, Brian R. Faerstein, and
3  Juan M. Rodriguez, hereby files this sur-reply in opposition to
4  defendant JERRY NEHL BOYLAN's Motion for a New Trial, in which
5  defendant claims this Court's compromise lesser-included-offense
6  instruction constituted reversible error ("Mot.," Dkt. 387), and to
7  address defendant's Reply in support of that Motion ("Reply," Dkt.
8  406), in which defendant claims (for the first time) that his statute
9  of conviction is divisible under the "modified categorical approach."
10     The defense's divisibility argument is both new and wrong.  This
11 short sur-reply explains why.  This sur-reply is based upon the
12 attached memorandum of points and authorities, the files and records
13 in this case, and such further evidence and argument as the Court may
14 permit.

15  Dated: April 4, 2024               Respectfully submitted,

16                                     E. MARTIN ESTRADA
                                       United States Attorney
17
                                       MACK E. JENKINS
18                                     Assistant United States Attorney
                                       Chief, Criminal Division
19

20                                         /s/
                                       _____
                                       MARK A. WILLIAMS
21                                     ALEXANDER P. ROBBINS
                                       MATTHEW W. O'BRIEN
22                                     BRIAN R. FAERSTEIN
                                       JUAN M. RODRIGUEZ
23                                     Assistant United States Attorneys

24                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Based on defendant's Reply, there appears to be a fair amount of common ground between the defense and the government.

With respect to the legal prong of the lesser-included analysis, the defense agrees (Reply at 2-3, 7) on the correct legal test.  (See Gov't Opp. 8-9, citing Schmuck v. United States, 489 U.S. 705 (1989), and Carter v. United States, 530 U.S. 255 (2000).)  The question is whether the elements match, such that it is impossible -- meaning categorically, regardless of the facts of the particular case -- to commit the greater offense without also committing the lesser offense.  See Carter, 530 U.S. at 259, 262 (defendant robbed $16,000 from a bank but was still not entitled to a lesser-included instruction on bank larceny because bank larceny requires a loss of more than $1,000 and bank robbery does not).  It is an "elements test" and a purely legal question.

The defense offers a single response to the government's argument that it is possible, in the abstract, to commit the greater crime of seaman's manslaughter without committing the lesser crime of grossly negligent operation of a vessel.  The government has consistently made this argument, ever since this issue was first sprung on counsel and the Court on the last day of trial: the government argued then, as it does now, that 18 U.S.C. § 1115 and 46 U.S.C. § 2302 fail the categorical-match test, because an officer or crewmember who is not operating a vessel could be guilty of the greater offense (18 U.S.C. § 1115, which applies to any "captain, engineer, pilot, or other person employed" on a vessel) without being guilty of the lesser (46 U.S.C. § 2302, which applies to a person

"operating" a vessel).  (See 11/3/2023 a.m. RT 50-51; "Gov't Opp.," Dkt. 394, at 14-15.)

Seeming to accept this straightforward point -- or at least not disputing it -- the defense, for the first time in this litigation, now suggests that 18 U.S.C. § 1115 has "divisible" subject elements.  (Reply at 7-8, discussing divisibility under the "categorical" and "modified categorical" approaches.)  Thus, argues the defense, we can strike "engineer, pilot, or other person employed" from the statute and focus only on "captain."  (Reply at 9-10.)  Even then, however, the defense does not explain why a captain couldn't be guilty in some factual scenarios of negligently killing someone without "operating" the vessel.  (Drunkenly firing a gun, for example, or starting a fire with a cigarette.)*  And again, it is worth emphasizing: this is a purely legal question that could have been hashed out months before trial, even if (as the defense suggested) it would still have to wait and see regarding the second (factual) prong of the lesser-included analysis.  This legal question did not have to wait.

If, however, the Court is inclined to entertain a modified-categorical/divisibility argument raised for the first time in a Rule 33 reply brief, then the government would point out that the defense appears to have no supporting caselaw whatsoever for its divisibility argument.  (Reply at 7-10.)  None.  The defense just recites the discussion from Mathis, 579 U.S. 500 (2016), explaining the

---

* Although the defense complains that "[t]he government has not made a single argument that Section 1115 is broader than Section 2302(b) when the defendant is charged only as a 'captain'" (Reply at 10), this "divisible statute," captain-only argument was never raised previously.

2

difference between elements and means.  That much is correct: elements define distinct crimes and require unanimous jury verdicts; means do not.  United States v. Barai, 55 F.4th 1245, 1250 (9th Cir. 2022) ("the means-elements distinction . . . parallels the need for juror agreement" (internal quotation marks omitted)).  Means are just different ways in which a particular crime can be committed: they are "alternative factual scenarios."  579 U.S. at 512; see also Schad v. Arizona, 501 U.S. 624, 631 (1991) (plurality opinion) (noting that in Andersen v. United States, 170 U.S. 481 (1898), the jury did not need to agree whether the victim died by shooting or drowning, where he was shot and then thrown overboard).

In 18 U.S.C. § 1115, the "subject element" is a single element, not four different elements setting forth four different offenses: the statute covers any "captain, engineer, pilot, or other person employed on any steamboat or vessel."  The defense had it right the first time it discussed this "element" during trial, describing the statutory phrase "captain, engineer, pilot, or other person employed" as a single element entitled "subject." (See Dkt. 312 at 4, referring to "subject" as one element.)  The different types of officers and crew are not four elements for four "separate sub-crimes," one for each type.  United States v. Robinson, 869 F.3d 933, 938 (9th Cir. 2017).  That would make no sense.  It would mean, in a case where there was a crewmember whose precise role was in dispute but who was undisputedly a crewmember and who negligently killed someone, that the jury would have to unanimously agree on whether the crewmember/defendant was (for example) an engineer or a pilot.  But why would that matter, as long as he was either one of the two -- or any "other person employed" on the vessel?  The penalty is the same

3

regardless.  See Myers v. Sessions, 904 F.3d 1101, 1107 (9th Cir. 2018) ("Statutory alternatives that carry different punishments are elements.  On the other hand, if the statutory list offers only 'illustrative examples, then it includes only a crime's means of commission.'" (citations omitted, quoting Mathis)).

Indeed, the fact that § 1115 contains the catch-all term "other person employed" at the end of its list means it cannot create four distinct, alternative crimes (i.e., a crime for captains, a second crime for engineers, a third for pilots, and a fourth for "other persons employed" on a vessel).  The first three words are illustrative examples of the final catch-all term.  See Mathis, 579 U.S. at 518 (if "a statutory list is drafted to offer 'illustrative examples'" followed by a broader definition, then "it includes only a crime's means of commission" rather than divisible elements); Myers, 904 F.3d at 1107 (quoting Mathis); United States v. Hamilton, 889 F.3d 688, 697 (10th Cir. 2018) ("catch-all term" like the one in Mathis suggests alternative means and lack of divisibility).  To use an example from Mathis, a statute that prohibited use of a "knife, gun, bat, or similar weapon" (or "any knife, gun, bat, or other deadly weapon") would be defining means of commission, not separate crimes (a knife-use crime, a gun-use crime, a bat-use crime, and an other-deadly-weapon-use crime).  579 U.S. at 506.  There's only one crime, which covers different types of weapons.  Each weapon in the list is not a separate element defining a separate crime, and it would not violate the rule against duplicitous charging to allege in a single count of the indictment that a defendant used a "bat or other deadly weapon" (where, for example, the defendant used a bat or

bat-like object and there was some ambiguity about which category it fell into).

Nor does it matter that the list of factual alternatives in this case is set forth in the subject of the statute, defining whom the statute applies to, rather than the object of the prohibited conduct. A "subject element" is still an element.  The same is true for many criminal statutes: there is no requirement that a jury unanimously agree on whether a "defendant was an officer, director, employee, agent, or attorney of a financial institution," 18 U.S.C. §215(a)(2), for example, as long as he was one of those things; no requirement for unanimity as to whether a defendant was a licensed "importer, manufacturer, dealer, or collector" of firearms, 18 U.S.C. § 922(a)(2); no requirement to specifically prove whether a defendant was a "parent, legal guardian, or person having custody or control of a minor," 18 U.S.C. § 2251(b).  See Ninth Circuit Model (Criminal) Jury Instructions 10.0, 14.4, 20.19.  For each statute, the defendant just has to be one of those things.  In each statute, as in 18 U.S.C. § 1115, the subject element is a single element, laying out the various groups of people the statute applies to.  In none of those cases is the statute divisible.  Nor is it here.

And if § 1115 is not divisible, then defendant's entire new-trial motion can be rejected on that basis alone, in addition to the Court's basis for rejecting the defense's maximalist position at trial.  (See Gov't Opp. at 20-21 (noting that the defense got the instruction on two of the three issues it asked for).)  There is no need to disturb the jury's verdict in this case.

**CONCLUSION**

Defendant's new-trial motion should be denied.