CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
JOSHUA D. WEISS (Bar No. 338918)
(E-Mail: Joshua_Weiss@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JERRY NEHL BOYLAN,

Defendant.

Case No. 2:22-CR-00482-GW

***EX PARTE* APPLICATION TO FILE DEFENDANT JERRY BOYLAN'S UNREDACTED SENTENCING POSITION *UNDER SEAL*; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL**

Jerry Nehl Boylan, by and through the undersigned, applies to this Court for an order that Defendant's unredacted Sentencing Position with exhibits be filed *under seal*.

/ / /

/ / /

/ / /

/ / /

This application is based upon the attached memorandum of points and authorities and the declaration of counsel.

                                        Respectfully submitted,

                                        CUAUHTEMOC ORTEGA
                                        Federal Public Defender

DATED: May 1, 2024           By  /s/ *Gabriela Rivera*
                                        GEORGINA WAKEFIELD
                                        GABRIELA RIVERA
                                        JULIA DEIXLER
                                        JOSHUA D. WEISS
                                        Deputy Federal Public Defenders
                                        Attorneys for JERRY NEHL BOYLAN

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On April 25, 2024, Mr. Boylan sought to file his sentencing position and supporting exhibits under seal, which the government opposed. On April 26, 2024, the Court denied the application to file the entire position under seal but indicated it "would allow the Defendant to resubmit the brief with individual portions redacted along with specified explanations for the redactions." Dkt. No. 430. Mr. Boylan has filed a public version of his sentencing position with limited redactions. He now seeks to file an unredacted version of the sentencing position, as well as Exhibit 1, under seal. Each of the redactions and/or exhibits for under seal filing are appropriately filed under seal because they contain either confidential medical information related to Mr. Boylan, confidential mental health information related to Mr. Boylan, or personally identifiable information of third parties, such as addresses, phone numbers, and e-mail addresses.

## II. LEGAL ARGUMENT

### A. The Court May Seal Its Records To Protect A Party's Interests

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979). Under Local Rule 79-5 of the District Court for the Central District, a party may request the court to seal a document filed with the court.

Although there is a strong presumption of public access to court records, a party desiring to seal a document filed with the court may overcome this presumption by presenting facts known to the court which demonstrate a likelihood of improper use of the material, such as for scandalous or libelous purposes or that its use will infringe upon fair trial or privacy rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *see Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A court is to balance the likelihood of improper use with the public's interest in understanding the judicial process to determine whether the presumption of

access is overcome. *Valley Broadcasting Co*., 798 F.2d at 1294. In making its decision, the court must consider all the relevant factors and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434.

**B. Application**

Each of the redacted portions of Jerry Boylan's Sentencing Position and supporting exhibits contain sensitive confidential medical information, including Mr. Boylan's medical records, as well as information of a deeply personal nature regarding Mr. Boylan's physical and mental health. The position paper and exhibits also discuss and contain private emails, addresses, and phone numbers of third parties who have written letters of support on Mr. Boylan's behalf (Exhibits 2-21), and of government officials (Exhibit 29). Some of this information is required to be filed under seal pursuant to Federal Rule of Criminal Procedure Rule 49.1. Finally, Exhibit 1 is a video that must be manually filed and contains discussion of Mr. Boylan's physical and mental health that cannot be easily redacted. All of the information submitted for under seal filing is of little public interest and is highly sensitive and personal. These circumstances support placing the unredacted sentencing brief and exhibits under seal, given the sensitive material in the pleadings.

//

//

//

//

//

## III. CONCLUSION

Mr. Boylan requests that this Court grant his application to file *under seal* Defendant Jerry Boylan's unredacted Sentencing Position and supporting exhibits. Should this Court deny his application, Mr. Boylan requests that this Court order the clerk to return the document to counsel for Mr. Boylan.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 1, 2024         By  /s/ *Gabriela Rivera*
GEORGINA WAKEFIELD
GABRIELA RIVERA
JULIA DEIXLER
JOSHUA D. WEISS
Deputy Federal Public Defenders
Attorneys for JERRY NEHL BOYLAN

# DECLARATION OF COUNSEL

I, Gabriela Rivera, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California assigned to represent Jerry Nehl Boylan in the above-titled action.

2. Mr. Boylan seeks to file an unredacted version of his sentencing memorandum and attached exhibits under seal because the redacted portions of these filings contain sensitive confidential medical information and information of a deeply personal nature. These include Mr. Boylan's medical records, a letter from his treating psychologist with mental health diagnoses, and discussions of his physical and mental health. The medical records also reference Mr. Boylan's personal phone number, date of birth, and other private, personally identifiable information. Mr. Boylan retains a strong privacy interest in this information that substantially outweighs the public's interest in public docketing.

3. The sentencing position also attaches as exhibits letters and emails containing personally identifiable information of third parties, including addresses, phone numbers, and e-mail addresses. This information is of little public interest.

4. On May 1, 2024, defense counsel contacted government counsel by email providing a copy of the redacted sentencing position and justifications for the redactions. Government counsel AUSA Matthew O'Brien reiterated his objections and requested that defense counsel include the following information in this Application: "The government does not object to redacting email addresses, but maintains its other objections because a defendant cannot shield medical information from the public at sentencing when the defendant is relying on that medical information in asking for a lenient sentence. (*See* Dkt. No. 429 at 3:5-6:11.)"

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: May 1, 2024

By /s/ *Gabriela Rivera*
GABRIELA RIVERA