E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Deputy Chief, Appeals Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3359/8644/3819/0304
    E-mail:  Mark.A.Williams@usdoj.gov
            Alexander.P.Robbins@usdoj.gov
            Matthew.O'Brien@usdoj.gov
            Brian.Faerstein@usdoj.gov
            Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM RE RESTITUTION |
| v. | |
| JERRY NEHL BOYLAN, | Hearing Date: July 11, 2024 |
| Defendant. | Hearing Time: 10:00 a.m.<br>Location:   Courtroom of the<br>               Hon. George H. Wu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Alexander Robbins, Matthew O'Brien, Brian Faerstein, and Juan

Rodriguez, hereby files this response to the Defense's Memorandum Re Restitution ("Memorandum" or "Mem."),[1] to address misrepresentations the defense continues to make regarding the causation standard for 18 U.S.C. § 1115 (commonly referred to as "Seaman's Manslaughter") set forth in the jury instructions at trial.

In its Memorandum, the defense repeatedly and misleadingly claims that the jury instructions given at trial contained only a proximate cause, but not a "but-for, or actual, cause," requirement, and the government "conceded they would be unable to prove but-for cause at trial." (Mem. at 1, 2, 3, 4.) The defense made similar claims in its motion to dismiss the indictment filed less than three days before trial (see Dkt. No. 261), and in its recent motion for bail pending appeal (see Dkt. No. 473).

As the government has repeatedly explained -- most recently in its opposition to defendant's bail motion (Dkt. No. 481 ("Bail Opposition" or "Bail Opp.") at 13-21) -- the defense is wrong.

In brief, the jury instructions for Seaman's Manslaughter appropriately contained both an "actual cause" (also referred to as "cause-in-fact") and a "proximate cause" requirement. The defense inexorably conflates "but-for" cause with "actual cause," when they are not one and the same. (Bail Opp. at 15-18.) "But-for" cause is a type of "actual cause," but there are other types of actual cause, such as the "substantial factor" or "substantial part" standard that was adopted by the Ninth Circuit for involuntary manslaughter in

---

[1] The defense filed its Memorandum under seal yesterday and it has yet to be docketed. (See Dkt. No. 480 (Notice of Manual Filing).) Although the government and defense filed their respective restitution positions under seal, the government files this response on the public docket as it does not address any of the sensitive information that justified the sealing of the prior filings.

United States v. Main, 113 F.3d 1046, 1050 (9th Cir. 1997), which remains binding precedent. (Bail Opp. at 15-18.) The Main causation standard (including both actual and proximate cause) was adopted, verbatim, in Ninth Circuit Model Criminal Jury Instruction 16.4 ("Manslaughter-Involuntary"). And the Court incorporated that standard, verbatim, in its jury instructions here. (See Dkt. No. 320 at 4; Bail Opp. at 16-17.) The government thus proved both actual cause and proximate cause at trial.[2] (Bail Opp. at 17-18.) As the government further explained in its Bail Opposition, there would be no legal or rational basis for adding an incorrect and redundant "but-for" cause requirement (i.e., a second actual cause requirement) on top of the governing standard from Main. (Id. at 18-21.)

The defense's continuing claim that the government "conceded that it 'did not allege nor can it prove 'actual cause' in this case'" (Mem. at 3 (selectively quoting Dkt. No. 246 at 21)), is thus both nonsensical and irrelevant. The government proved actual (and proximate) causation, as required. The defense's claim also is based on a misleading and selective quotation from the parties' disputed jury instructions filing, as the government explained in its Bail Opposition (Bail Opp. at 21 n.14), and in its opposition to defendant's motion to dismiss (Dkt. No. 270 at 8-9). The Court agreed, denying defendant's motion to dismiss and rejecting the defense's argument regarding the government's purported concession: "You keep on saying that. I don't think the government said it could

---

[2] As the government explains in its Bail Opposition, even though Main, Model Instruction 16.4, and the Court's instruction at trial use the overall term "proximate cause" to define the causation element, the standard nonetheless contains both actual cause ("substantial part") and proximate cause ("reasonably probable consequence"). (See Bail Opp. at 17.)

3

not prove the but for element, per se, but it wasn't the applicable standard."  (Dkt. No. 359 (10/24/23 Trial Tr.) at 23:6-8.)

    The defense now carries forward its conflation of "actual" and "but-for" causation, as well as its erroneous claim about the government's alleged concession, into the restitution context.  The Court once again should reject the defense's distortion of the law and the record.

Dated: July 9, 2024              Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       /s/ *Brian Faerstein*
                                       MARK A. WILLIAMS
                                       ALEXANDER P. ROBBINS
                                       MATTHEW W. O'BRIEN
                                       BRIAN R. FAERSTEIN
                                       JUAN M. RODRIGUEZ
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA