UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | CR 22-482-GW | Date | July 26, 2024 |
|---|---|---|---|

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | NONE |

| Javier Gonzalez | None Present | Brian R. Faerstein - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jerry Nehl Boylan | not | | ✔ | Gabriela Rivera, DFPD | not | | ✔ |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON DEFENDANT'S MOTION FOR BOND PENDING APPEAL [473]**

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [473], set for hearing on July 29, 2024 at 10:30 a.m.

:

Initials of Deputy Clerk   JG

<u>**United States of America v. Boylan**</u>, Case No. 22-CR-482-GW
Tentative Ruling on Motion for Bond Pending Appeal

Defendant Jerry Nehl Boylan ("Defendant") moves to be released on bond pending appeal. Section 3143(b)(1) of Title 18 provides that, with certain exceptions not applicable here, a court:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless [the court] finds
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. §] 3142(b) or (c); and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . .
>
> > (i)   reversal,
> > (ii)  an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). The burden of proof is on Defendant. *See Handy*, 761 F.2d at 1283; *see also United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986). The Court will first consider and resolve the primary issue raised by the motion – whether Defendant has identified "a substantial question of law or fact" within the meaning of subsection 3143(b)(1)(B).

The "substantial question . . . likely to result" formulation present in section 3143(b) does *not* mean that the individual seeking bail pending appeal must show that he "will probably prevail on appeal." *Handy*, 761 F.2d at 1280. Instead, a "substantial question" refers to questions that are "fairly debatable" or "fairly doubtful," including "questions that are novel and not readily answerable." *Id.* at 1281-83; *see also United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003) ("In *Handy* we held that an issue is substantial if it is 'fairly debatable' or 'fairly doubtful,' that is, 'of more substance than would be necessary to a finding that it was not frivolous.'") (quoting *Handy*, 761 F.2d at 1283); *id.* ("The defendant, in other words, need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions.").

1

Defendant presents two issues that he believes might qualify as "substantial questions." The Court will consider only one of them in any manner of detail, because the other – a lesser-included offense issue – does not come close to meeting the standard, in the Court's view. As to that lesser-included offense issue, in a post-trial motion (after an opportunity for briefing and more than a few minutes to consider the issue, contrary to how it had been presented during trial[1]), the Court explained why it ultimately concluded that it had been error to even issue the lesser-included offense instruction to the jury, meaning that any error that might have been inherent in that instruction was meaningless where Defendant did not actually argue the lesser-included offense during his closing argument and the jury ultimately convicted Defendant of the "greater" offense in any event. Defendant has not presented any reason as part of the current motion why the Court's explanation in the post-trial motion was not clearly correct. In fact, as the Government points out, he completely avoids the part of the lesser-included offense test that led the Court to this post-trial result. In light of the foregoing, the Court will proceed no further with an examination of whether the lesser-included offense issue Defendant raised at the last possible moment in trial qualifies as the "substantial question" necessary for bail pending appeal under Section 3143(b)(1).

Ultimately, however, even if the Court were wrong about whether the lesser-included offense would qualify as a "substantial question," it would not matter, because the Court ultimately concludes that the "but-for causation" issue *does* so qualify. Again, the Court need not determine that its earlier ruling in the case was in error for the issue resolved thereby to qualify as a "substantial question." The issue merely needs to be "fairly debatable," or "fairly doubtful," or "of more substance than would be necessary to a finding that it was not frivolous."

There is no precedent on the question of whether the language in 18 U.S.C. § 1115 requires a but-for element. Defendant has pointed to a 2014 decision from the Supreme Court which he, understandably, believes requires a conclusion that such an element is a necessary part of a prosecution under that statute. He may not be correct, but his argument is understandable, and this Court believes the outcome on that argument is "fairly debatable."

---

[1] In assessing the "substantial question" issue and its "fairly debatable" standard, the Court gives no weight to "the fact that the Court changed its position on the matter," Docket No. 491, at 6:13-16, because the Court's first consideration came with virtually no time allowed for sustained consideration, reflection or analysis due to the timing of Defendant's presentation of the issue. As to the fact that Defendant was the ship's *captain* (and what that might mean as to liability for "operating" a vessel), *see* Docket No. 491, at 7 n.3, in denying Defendant's Rule 33 motion concerning the lesser-included offense issue/instruction the Court pointed out that a lesser-included offense analysis looks to the two statutes' *elements*, not the specific allegations pertaining to the particular defendant. *See* Docket No. 421, at pg. 4 of 10; *see also* Docket No. 425.

*Burrage v. United States*, 571 U.S. 204 (2014), involved the Controlled Substances Act and a "results from" provision, imposing a 20-year mandatory minimum sentence where a defendant unlawfully distributes a Schedule I or II drug when "death or serious bodily injury *results from* the use of such substance." *Id.* at 206 (emphasis added). The Supreme Court concluded that the phrase "results from" "imposes . . . a requirement of actual causality," and noted that "'[i]n the usual course,' this requires proof 'that the harm would not have occurred in the absence of – that is, but for – the defendant's conduct.'" *Id.* at 211 (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346 (2013)) (omitting internal quotation marks). This is at least true when there is no other contradictory evidence bearing upon the causation requirement: "Where there is no textual or contextual indication to the contrary, courts regularly read phrases like 'results from' to require but-for causality." *Id.* at 212. "Phrases like 'results from'" include "because," "because of," "based on" or "by reason of." *Id.* at 212-13. The Supreme Court bolstered its conclusion that but-for causation was required by the statutory language at issue by observing that "[e]specially in the interpretation of a criminal statute subject to the rule of lenity, we cannot give the text a meaning that is different from its ordinary, accepted meaning, and that disfavors the defendant." *Id.* at 216 (omitting internal citation).

Defendant asserts that the takeaway from *Burrage* is that a but-for causation element was required with respect to an alleged violation of 18 U.S.C. § 1115 as well. He contends that Section 1115's use of the phrase "*by whose misconduct, negligence, or inattention to his duties on such vessel* the life of any person is destroyed" is the functional equivalent, in this respect, of "results from," because," "because of," "based on" or "by reason of."

Defendant believes that this issue has already been conclusively-determined by controlling Ninth Circuit precedent, but the Court disagrees. *United States v. Main*, 113 F.3d 1046 (9th Cir. 1997), was an involuntary manslaughter case under 18 U.S.C. § 1112. That decision set forth what the appellate panel believed to be "the best formulation of *this element*" was "in involuntary manslaughter cases involving the speed of an automobile or driving under the influence." *Id.* at 1050 (emphasis added). In truth, it is not entirely clear just what "this element" refers to in the decision – proximate cause, or causation in general. In any event, the "formulation" the Ninth Circuit determined to be "the best" in this type of case was as follows:

> The prosecution must prove that the defendant's act or omission was the proximate cause of the death of the victim. A proximate cause is one which played a substantial part in bringing about the death, so that the death was the direct result

3

>or a reasonably probable consequence of the defendant's speed or condition or manner of driving.

*Id.* This does not obviously resolve – or even address – an issue of but-for causation. Moreover, Section 1112 – the statute at issue in that case – defines manslaughter as "the unlawful killing of a human being without malice," and specifies that involuntary manslaughter is the "kind" produced "[i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." 18 U.S.C. § 1112(a); *see also Main*, 113 F.3d at 1047. Section 1112, therefore, does not appear to contain phrasing similar to the terms analyzed in *Burrage* or present in 18 U.S.C. § 1115.

As Defendant acknowledges, in reaching its determination as to the appropriate instruction in this case, the Court elected to follow the Ninth Circuit's model jury instruction on manslaughter. *See* Docket No. 359, at 9:11-11:23. However, as intimated above, a court's earlier rejection of an argument in a case obviously does not mean that argument is not "fairly debatable" or "fairly doubtful," perhaps especially where a court, in its earlier ruling, is "unaided by controlling (or even persuasive) authority in reaching its decision." *United States v. Miller*, No. 2:14-cr-00471-GW, Docket No. 327, at pg. 6 of 7 (C.D. Cal. Apr. 9, 2018). The Court believes that the question of whether the reasoning present in *Burrage* means that a but-for causation instruction had to have been given in this case is an open one, and that *Main* does not dictate the answer. Indeed, there is no indication in *Main* that but-for causation was even an issue on appeal. Furthermore, even if it is true, as the Government notes, that the Court included both "cause-in-fact" and "proximate cause" components in its causation instruction in this case, there is no contention that it also included a "but-for" instruction, and it is that particular type of causation variant that Defendant argues *Burrage* requires. As Defendant cogently responds, "even assuming for argument's sake that some notion of actual causation was imparted to the jury, the core issue that Mr. Boylan intends to raise on appeal is that the *legal standard* for causation was incorrect because it was not defined in terms of 'but for' causation." Docket No. 491, at 8:11-14.

The parties' arguments to this Court in the context of this bail motion are significant ones, and both sides have at least some measure of persuasiveness. The Government may be correct that there are substantial reasons why a "but-for" element should not be read into Section 1115. But at this stage, the parties' competing contentions are not for this Court to ultimately resolve. The Ninth Circuit will need to do so.

In light of the foregoing discussion, the Court concludes that a "substantial question of

4

law" is present here. Whether viewed in the context of the Court's denial of Defendant's motion to dismiss or in the context of the Court's jury instruction-determination, the Court agrees that if the Ninth Circuit were to conclude that a Section 1115 prosecution requires a but-for causation element, a reversal or new trial could likely result. *See Garcia*, 340 F.3d at 1020 n.5 ("The second part of the requirement – that the question be likely to result in reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process – concerns only the *type of question* that meets the requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case."). The Court agrees with Defendant that a harmless error showing would be difficult to make if the Court was in error in this regard.

Beyond the "substantial question" issue, the Court easily concludes that Defendant meets the other requirements. Even if he has indicated to the Ninth Circuit that he expects the appeal to be complex and to take more than the usual amount of time for a criminal appeal, the Court cannot conclude that he has appealed "for the purpose of delay." As set forth above, the Court agrees that the but-for causation issue is a significant one, worth appealing, so it cannot be any surprise that Defendant has done so. The Court certainly does not adopt the Government's view that the issue is "hollow[]," Docket No. 481, at 23:10-11, and therefore must reveal a delay-only purpose. The length of time that the appeal may take (according to *both* sides) also weighs in favor of the Court's determination given the length of Defendant's sentence. *See Miller*, Docket No. 327, at pg. 7 of 7 ("Given that Miller would likely serve his entire sentence before the appeal is decided, the Court would find that the interests of justice are best served by permitting him to remain on bond pending appeal.").

The Court also concludes that a sufficient showing has been made on the question of whether Defendant is likely to flee.[2] Defendant has never had an issue in this case with making all his required appearances and has not violated any conditions of his release. *See United States v. Lynch*, No. 2:07-cr-00689-GW, Docket No. 364, at 76:23-77:3 (C.D. Cal. June 11, 2009) ("The court would note that the defendant has always met all of his appointments in this matter since he's been out on bond in this case . . . [and] has not been notified that he has attempted to violate any law while he's been out on bond."). He has always – for purposes of this case – been a boat

---

[2] The Government does not even attempt to argue whether or not Defendant has made a sufficient showing as to whether he poses a danger to any person or to the community.

captain, and to the extent he lacks family or assets tying him to the community, this is not a new development.  Although it is true that circumstances have obviously now changed for Defendant in that he has actually been convicted and sentenced, the same would be true for any criminal defendant seeking bail pending appeal at this stage.  If that, by itself, were enough to conclude that such a defendant could not show that he was not likely to flee, then the bail-pending-appeal process would be a sham.

      In short, the Court believes that Defendant has made each of the necessary showings to be allowed out on bond pending appeal.  The Court will hear from the parties at oral argument as to whether any additional conditions should apply to his release.