CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JERRY NEHL BOYLAN, <br><br> Defendant. | Case No. 2:22-CR-00482-GW <br><br> **DEFENSE'S SUPPLEMENTAL BRIEF REGARDING REQUEST FOR RESTITUTION SCHEDULE AND PROVIDING CITATION REGARDING BOND PENDING APPEAL** |

## MEMORANDUM OF POINTS AND AUTHORITIES

At the close of the hearing on July 29, 2024, Mr. Boylan sought to clarify two matters with the Court related to restitution and bail pending appeal but was unable to do so. Accordingly, he addresses those matters here.

First, regarding restitution, Mr. Boylan maintains it would not be appropriate to order restitution in this case for several reasons.[1] However, in the event that the Court finds it appropriate to do so, Mr. Boylan renews his request that the Court stay restitution pending appeal and additionally requests that the Court postpone Mr. Boylan's restitution payments until 90 days after the commencement of supervision, set a schedule for those payments, and waive interest due to Mr. Boylan's inability to pay interest.[2] If the Court is not inclined to postpone payments until Mr. Boylan is released, Mr. Boylan requests that the Court nonetheless issue an order setting a

---

[1] *First*, as Mr. Boylan argued in his brief regarding restitution, the applicable restitution statute, 18 U.S.C. § 3663, permits restitution only where the defendant's conduct of conviction was the but-for cause of harm. (Dkt. 486 at 3.) Here, there is no dispute that Mr. Boylan was not convicted at trial of having been the but-for cause of the harm to the decedents. *Second*, as Mr. Boylan explained, where a defendant is truly indigent, as Mr. Boylan is (Dkt. 404 ¶¶ 107-113; Dkt. 511), ordering restitution runs counter to the goals of sentencing. (Dkt. 486 at 4-7.) *Third*, as Mr. Boylan pointed out, the government failed to carry its burden with respect to the overwhelming majority of the restitution requests—with the exception of three requests related to necessary funeral expenses—because the government did nothing to substantiate its requests where they are not adequately supported or reliably calculated. (Dkt. 486 at 8-11.) As Mr. Boylan explained during the July 29, 2024, hearing, the government's attempts to cure these clear defects—by filing conclusory declarations that merely parrot the language of the statute and providing eBay receipts demonstrating only list prices, not actual completed sales or anything else to support a determination of the market value of purported lost or destroyed items—does nothing to change this calculus.

[2] Mr. Boylan proposes the following language:

The Court finds from the consideration of the record the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: Restitution shall be paid in monthly installments of at least 10 percent of defendant's gross monthly income but not less than $50, whichever is greater, during the period of supervised release. These payments shall begin 90 days after commencement of supervision. Nominal restitution payments are ordered as the Court finds the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered. Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

2

schedule for payments and waiving interest due to Mr. Boylan's inability to pay.[3] Requiring Mr. Boylan to pay restitution while he is in federal prison is not justified as he is currently indigent and will not be earning significant income, if he is able to work at all, while in prison. Further, garnishing prison wages or other funds received in prison makes it exceptionally difficult for incarcerated persons to purchase necessities, such as over-the-counter medications, essential care products such as soap, toothpaste, and shampoo and sufficient food. Accordingly, requiring even a relatively small payment during the period of incarceration will inordinately burden Mr. Boylan without any benefit to the public.

Second, regarding bond pending appeal, Mr. Boylan wishes to supply a citation for a case he referenced at the hearing in response to the government's reliance on *United States v. Mechanik*, 475 U.S. 66 (1986) to support its harmless-error argument regarding Boylan's motion to dismiss the indictment. In *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999), the Ninth Circuit concluded that a "complete failure to charge an essential element of a crime" in an indictment "is not amenable to harmless error review" even after a trial conviction. In this way, the error in this case, involving an indictment's absence of an essential element of "but for" causation, *Burrage v.*

---

[3] Mr. Boylan proposes the following language:

> The Court finds from a consideration of the record that the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: Restitution shall be due during the period of imprisonment, at the rate of not more than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of at least 10% of defendant's gross monthly income, but not less than $50, whichever is greater, shall be made during the period of supervised release. These payments shall begin 90 days after the commencement of supervision. Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because Mr. Boylan does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

*United States*, 571 U.S. 204, 210 (2014) ("but for" causation is necessary "element"), stands apart from the error in *Mechanik*, which involved a more trivial defect in grand jury proceedings (an improper witness in the grand jury room).  Therefore, the error alleged in Mr. Boylan's pretrial motion to dismiss cannot be deemed harmless. *See United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020) (applying *Du Bo* rule to dismiss indictment based on pretrial motion to dismiss).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  July 30, 2024          By  /s/ *Gabriela Rivera*
                                GABRIELA RIVERA
                                JULIA DEIXLER
                                Deputy Federal Public Defenders
                                Attorneys for JERRY NEHL BOYLAN