E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Deputy Chief, Appeals Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/3819/0304
     E-mail:   Mark.A.Williams@usdoj.gov
               Alexander.P.Robbins@usdoj.gov
               Matthew.O'Brien@usdoj.gov
               Brian.Faerstein@usdoj.gov
               Juan.Rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-482-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENSE'S SUPPLEMENTAL BRIEF (DKT. NO. 514) |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Alexander Robbins, Matthew O'Brien, Brian Faerstein, and Juan Rodriguez, hereby files this response to defendant JERRY NEHL BOYLAN's

Supplemental Brief Regarding Request for Restitution Schedule and Providing Citation Regarding Bond Pending Appeal (the "Brief") (Dkt. No. 514), filed earlier today despite the Court's statement at the end of yesterday's hearing that it did not want to hear further argument on these issues.

The government writes only to respond to the defense's citation of inapposite authority and its mischaracterization of the record in this case.  (The government does not respond to the defense's "supplemental" -- and redundant -- restitution arguments, which the government has addressed in its prior briefing.)

In its Brief, the defense points to United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999), claiming that this Court's denial of the defense's motion to dismiss the indictment is not subject to harmless error review on appeal.  (Brief at 3-4.)  The defense is wrong.

The Ninth Circuit held in Du Bo that harmless error review does not apply where "[t]he indictment on its face is deficient" because of a "complete failure to charge an essential element of a crime." 186 F.3d at 1179-80.  There, a Hobbs Act extortion indictment completely failed to allege the requisite mens rea.  Id. at 1179.  The Ninth Circuit found that harmless error was not appropriate because the indictment was "terminally defective."  Id. at 1181.  The other case the defense belatedly cites -- United States v. Qazi, 975 F.3d 989 (9th Cir. 2020) -- similarly involved an indictment that clearly did not allege an essential element, i.e., knowledge of felon status in an 18 U.S.C. § 922(g)(1) prosecution.  Id. at 992.

That is not the case here.  The indictment alleged all the essential elements of 18 U.S.C. § 1115 (and much more), including

2

that defendant's "misconduct, gross negligence, and inattention to his duties on [the *Conception*] . . . caused the deaths of the" 34 victims killed aboard the vessel.  (Dkt. No. 1 at 2-3 (emphasis added).)  The indictment alleged causation on its face, "sufficiently inform[ing] Defendant of the charges against him." United States v. Awad, 551 F.3d 930, 935, 937 (9th Cir. 2009) ("An indictment is sufficient if it contains 'the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy.'" (quoting United States v. Alber, 56 F.3d 1106, 1111 (9th Cir. 1995))).  There is no requirement that an indictment spell out the specific jury instructions that will apply to each element, as the "test for sufficiency of the indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" Awad, 551 F.3d at 935 (quoting United States v. Hinton, 222 F.3d 664, 672 (9th Cir. 2000)); see also Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

In fact, in its last-minute motion to dismiss the indictment, the defense recognized that "no issue with causation was apparent on the face of the indictment."  (Dkt. No. 261 at 2:22-23 (quotation and citation omitted).)  That is because the indictment sufficiently alleged defendant caused the deaths aboard the *Conception*.  The essence of defendant's but-for cause challenge is really one targeted at the Court's jury instructions at trial.  Any error in the jury

//
//

3

instruction for causation (or the Court's denial of defendant's motion to dismiss) was harmless beyond a reasonable doubt.

Dated: July 30, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

 /s/ *Brian Faerstein*
MARK A. WILLIAMS
ALEXANDER P. ROBBINS
MATTHEW W. O'BRIEN
BRIAN R. FAERSTEIN
JUAN M. RODRIGUEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA