UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CR 22-482-GW |
| Date | July 31, 2024 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

Interpreter: NONE

| Javier Gonzalez | None Present | Brian R. Faerstein - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jerry Nehl Boylan | not | | ✔ | Gabriela Rivera, DFPD | not | | ✔ |

**PROCEEDINGS:** **IN CHAMBERS - INITIAL RULING ON GOVERNMENT'S APPLICATION FOR RESTITUTION**

Attached hereto is the Court's Initial Ruling on Government's Application for Restitution. The Probation Office shall provide a report to the Court by August 22, 2024.

**cc: U.S. Pretrial and Probation Services**

Initials of Deputy Clerk  JG

<u>**United States of America v. Jerry Nehl Boylan**</u>, Case No. 22-cr-00482-GW
Initial Ruling on Government's Application for Restitution

I.        **Introduction**

Defendant Jerry Nehl Boylan was convicted of one count of violating 18 U.S.C. § 1115 (neglect of ship officer) which led to the deaths of 34 individuals onboard the vessel *Conception*.[1] The Government has now filed an application for restitution for certain of the families of some of those deceased persons.

II.       **Applicable Law**

The power to order restitution is not inherent in the federal courts; it is conferred only by statute. *See United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007). The two main federal restitution statutes are the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663, which authorizes restitution in connection with a broad array of offenses, and the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, which requires restitution for crimes of violence and certain property offenses.[2] The chief distinctions between the two statutes are: (1) that the VWPA applies to a broader range of offenses than those covered by the MVRA, and (2) that restitution is discretionary under the VPRA, while under the MVRA, it is mandatory. *See United States v. Batson*, 608 F.3d 630, 633 (9th Cir. 2010).

It would appear that both the VWPA and the MVRA would apply here. The VWPA provides that "[t]he court, when sentencing a defendant convicted of an offense under this title [*i.e.* Title 18 of the U.S.C.] . . . may order . . . that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(1)(A). The MVRA *inter alia* pertains to convictions "in which an identifiable victim . . . has suffered a physical injury or pecuniary loss."[3] 18 U.S.C. § 3663A(c)(1)(B).

---

[1] Defendant was initially named in an Indictment which contained 34 counts of violating 18 U.S.C. § 1115. *See United States v. Boylan*, Case No. 20-cr-00600-GW. That Indictment did not indicate that the Government would be seeking restitution, although the Government was not required to do so at that point. In the Indictment in the present action, again the Government did not initially indicate that it would be seeking restitution.

[2] The Government also indicates that it is proceeding under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The CVRA does recognize that "[a] crime victim has . . . [t]he right to full and timely restitution as provided by law," *see* 18 U.S.C. § 3771(a)(6); but the CVRA itself does not delineate the law of restitution.

[3] It is noted that, while the MVRA is also applicable to a conviction for a crime of violence (*see* 18 U.S.C. § 3663A(c)(1)(A)), a conviction under § 1115 which is based upon gross negligence would not constitute a crime of violence. *See United States v. Draper*, 84 F.4th 797, 805 (9th Cir. 2023) (involuntary manslaughter which requires a

1

Under the VWPA, "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including . . . . In the case of a victim who is . . . deceased, the . . . representative of the victim's estate [or] another family member." 18 U.S.C. § 3663(a)(2). Among the forms of restitution delineated in the VWPA are: (1) "in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense . . . an amount equal to the greater of – (i) the value of the property on the date of the damage, loss, or destruction, or (ii) the value of the property on the date of sentencing;" and (2) "in the case of an offense resulting in bodily injury also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services."  18 U.S.C. §§ 3663(b)(1)(B) and 3663(b)(3).  In determining whether to order restitution, the VWPA instructs the court to consider: "the amount of the loss sustained by each victim as a result of the offense; and . . . the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B).  Finally, the VWPA mandates that "[a]n order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663(d).

As noted above, the MVRA provides for mandatory restitution.  The definition of "victim" in the MVRA is the same as for the VWPA.  *See* 18 U.S.C. § 3663A(a)(2).  Likewise, the above cited forms of restitution in the VWPA are similarly covered within the MVRA.  *See* 18 U.S.C. § 3663A(b).  While the Court could not find a case under the VWPA for the following proposition, there is a precedential decision which holds that: "restitution for future lost income [to a manslaughter victim's estate] may be ordered under the MVRA so long as it is not based upon speculation, but is reasonably calculable . . . ." *United States v. Cienfuegos*, 462 F.3d 1160, 1161 (9th Cir. 2006).[4]  Also, like the VWPA, "[a]n order of restitution under [the MVRA] shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d).

18 U.S.C. § 3664 sets out the procedure for the issuance of restitution orders.  *See* Scott &

---

mens rea of "gross negligence," is not a crime of violence under 18 U.S.C. § 924(c)(3)); *United States v. Benally*, 19 F.4th 1250, 1258 (10th Cir. 2021) (involuntary manslaughter is not a "crime of violence" and does not otherwise fall within the scope of the MVRA).

[4] In *United States v. Arthur*, No. 14-cr-00848-01-PHX-SPL, 2019 WL 2100007, at *1 (D. Ariz. May 14, 2019), the court found that the Government had provided sufficient evidence of future lost income when it had "engaged a Certified Public Accountant, who is certified in Financial Forensics by the American Institute of CPAs, to prepare a report calculating the estimated lost earning capacity of the victim."

2

Burns, *Ninth Circuit Criminal Handbook*, § 14.13[2] (13th ed. 2024). Section 3664(a) initially states that:

> For orders of restitution under this title, the court *shall* order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report *shall* include, to the extent practicable, a complete accounting of the losses to each victim . . . and information relating to the economic circumstances of each defendant.

18 U.S.C. § 3664(a) (emphasis added). Federal Rule of Criminal Procedure 32(i)(3)(A) allows a court to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). Further:

> (d)(1) Upon the request of the probation officer, but not later than 60 days prior to the date initially set for sentencing, the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution.
>   (2) The probation officer shall, prior to submitting the presentence report under subsection (a), to the extent practicable –
>     (A) provide notice to all identified victims of –
>       (i) the offense or offenses of which the defendant was convicted;
>       (ii) the amounts subject to restitution submitted to the probation officer;
>       (iii) the opportunity of the victim to submit information to the probation officer concerning the amount of the victim's losses;
>       (iv) the scheduled date, time, and place of the sentencing hearing;
>       (v) the availability of a lien in favor of the victim pursuant to subsection (m)(1)(B); and
>       (vi) the opportunity of the victim to file with the probation officer a separate affidavit relating to the amount of the victim's losses subject to restitution; and
>     (B) provide the victim with an affidavit form to submit pursuant to subparagraph (A)(vi).
>   (3) Each defendant shall prepare and file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested, the financial needs and earning ability of the defendant and the defendant's dependents, and such other information that the court requires relating to such other factors

3

> as the court deems appropriate.
> (4) After reviewing the report of the probation officer, the court may require additional documentation or hear testimony.

18 U.S.C. § 3664(d).  Finally:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence.  The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.  The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant.  The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

18 U.S.C. § 3664(e).

### III.     Procedural Background

The jury returned its guilty verdict on November 6, 2023.  *See* Docket Nos. 318, 330.  At Defendant's request, the Court continued the sentencing hearing to May 2, 2024, in order to allow the Defendant to file various post-trial motions.  *See* Docket No. 350.

On March 28, 2024, the U.S. Probation Office (the "Probation Office") issued a Presentence Investigation Report ("PIR").  *See* Docket No. 404.  The PIR did cover some, but not all, of the topics identified in the VWPA, the MVRA and 18 U.S.C. § 3664(a) regarding restitution.  It was noted that Defendant "declined a presentence interview."  PIR ¶¶ 55, 89.  The PIR further stated that: (1) "[v]ictim information pertaining to the deaths of the victims and the corresponding monetary losses was not provided" (*Id.* ¶ 51); and (2) it "has not received information pertaining to the monetary losses suffered from the victims' estates as a result of the victims' deaths" (*Id.* ¶ 130).  While Defendant "provided partially completed Personal Financial Statements ("PFS"), they were not signed under penalty of perjury" (*Id.* ¶ 107),[5] and the PIR stated that: "Defendant has not complied with the provisions of [General Order 03-01] in that he did not provide fully completed PFS, did not complete a Digital Assets Questionnaire, did not provide any signed consent forms, nor did he provide any supporting financial documentation."[6]  *Id.* ¶ 110.  In its Recommendation

---

[5] The PFS reported total assets of $291,194.66; liabilities of $43,969.22; resulting in a total net worth of $247,225,44; monthly income of $1,911; total monthly expenses of $2,452.49; and a negative monthly cash flow of $541.49.  PIR ¶ 107.

[6] As to Defendant's financial resources and ability to pay, the U.S. Probation Office stated:

Letter (*see* Docket No. 403), the Probation Office suggested that a restitution hearing be conducted after information as to the victim's losses became available.  It also stated that:

> Pursuant to the U.S. Supreme Court case *U.S. v. Dolan*, 560 U.S. 605 (2010), the provisions of 18 U.S.C. § 3664(d)(5) do not require that a deferred restitution hearing be within the 90 day period following sentence as long as the Court makes clear its intent to order restitution.  In this case, restitution is applicable.  However, sufficient information has not been provided to the Probation & Pretrial Services Office to recommend a restitution amount.

*See* Docket No. 403 at 7.  On May 1, 2024, the Probation Office filed a revised PIR ("Revised PIR").  *See* Revised PIR, Docket No. 437.  Therein, it was noted that "the Government filed Victim Impact Statements pertaining [to] 24 of the victims which spoke of the devastation that the victims' family members experiences from the victims' deaths" but that "monetary losses pertaining to the deaths of the victim was not provided to date."  *Id*. ¶ 51.  The Revised PIR again stated that the Probation Office "has not received information pertaining to the monetary losses suffered from the victims' estates as a result of the victims' deaths."  *Id*. ¶ 130.

On April 15, 2024, Defendant filed his objections to the PIR (*see* Docket No. 415) and on May 1, 2024, he filed his sentencing brief (*see* Docket No. 435), neither of which addressed the issue of restitution.  On April 18, 2024, the Government filed its sentencing brief which did not substantively address the issue of restitution but merely asked for "restitution to be determined at a deferred restitution hearing."  *See* Docket No. 420, at 29 of 29.

At the May 2, 2024 sentencing hearing, (1) it was "ordered that the defendant shall pay restitution pursuant to 18 U.S.C. § 3663A;" (2) "[p]ursuant to 18 U.S.C. § 3664(d)(5), a final determination of the victim's [sic] losses will be ordered at a deferred restitution hearing after such information becomes available;" and (3) a "restitution hearing is set for July 11, 2024 at 8:00 a.m." *See* Docket No. 443.

The Government submitted its restitution brief (*see* Docket No. 478) which sought sums for 13 identified fathers, mothers, siblings and estate administrators of certain of the deceased

---

> Boylan has some assets available from his checking account balance and equity he may have in his mobile home.  Therefore, he should be able to make a lump sum payment toward any restitution obligations, if any.  However, given the large restitution amount he may potentially face and that he has already reached retirement age, it does not appear that Boylan will have the ability to make more than nominal payments toward any restitution obligations.

*See* PIR ¶ 114.  The Court questions the basis for the Probation Office's conclusion given the fact that Defendant did not provide it with all of the financial materials which are normally required for the determination.

covering: (1) funeral and memorial service expenses totaling $49,214.57; (2) reimbursement for lost or destroyed property such as scuba/camera equipment and electronic devices totaling $25,123.95; (3) $443,179.04 for "psychological counseling, travel expenses, legal fees, and other miscellaneous expenses;" and (4) an unspecified amount for lost income. *Id*. at 3-8. Additionally, the Government argued that: (1) Defendant has the ability to pay some or all of the restitution sought by the Government (since such payments can be ordered in installments), and (2) his failure to supply all of the required financial data (including a fully completed PFS, digital assets questionnaire and signed consent forms) precludes a finding of financial incapacity since it is Defendant's burden to show an inability to pay restitution. *See generally id*.

Defendant filed his restitution brief wherein he argued: (1) restitution should not be ordered under 18 U.S.C. § 3663 because his conduct was not the but-for and/or proximate cause of harm to the decedents; (2) any restitution award should be limited to funeral expenses; (3) the lost property claims are not adequately documented; (4) Section 3663 does not permit consequential damages; and (5) the Government has not met its burden to substantiate any claim for lost income. *See* Docket No. 486.

A hearing on restitution was held on July 11, 2024. *See* Docket No. 489. The Court took the matter under submission but ordered the parties to submit by noon on July 18, 2024, "a list of non-disputed restitution amounts and disputed restitution amounts." *Id.* The parties did submit a Joint Report Regarding Restitution Amounts ("Joint Report") where it was: (1) agreed that funeral expenses in the sum of $32,178.82 as claimed for three of the decedents were awardable and adequately documented; (2) disputed as to whether funeral/memorial expenses for three other decedents were covered by the VWPA/MVRA and/or were sufficiently documented; (3) disputed as to whether any of the lost/destroyed property was established by sufficient evidence; and (4) agreed that the other restitution requests ("including for psychological counseling, lost income, travel expenses, and legal fees") "are not compensable as restitution under 18 U.S.C. § 3663." *See* Docket No. 497, at 4-6 of 11.

### IV. <u>Discussion/Conclusion</u>

Consistent with the exposition *supra*, the Court will agree with the parties' Joint Report and award the non-contested sums for funeral expenses to the persons and in the delineated amounts as set forth in the Joint Report. *Id.* at 4 of 11. Likewise, the Court will deny the initially claimed restitution amounts as stated on page 3 of the Joint Report pursuant to the agreement of

the parties. As to the remaining restitution claims, the Court will request a separate report from the Probation Office for its review of the materials which have now been submitted as to the contested items. Such procedure is required by 18 U.S.C. § 3664(a).

    The Probation Office shall provide that report to the Court by August 22, 2024.